## PEOPLE ex rel. ORR v. SCANNELL, Fire Commissioner.

(Supreme Court, Special Term, New York County. November 15, 1899.)

OFFICERS—CIVIL SERVICE REGULATIONS—TENURE OF TEMPORARY APPOINTEES.

There is no provision in the state civil service laws, or the regulations made thereunder relating to state or municipal appointments, by which a temporary appointment, made to a competitive position, without examination, can ripen into a permanent one; and the provisions of regulation

35 adopted by the municipal civil service commission of the city of New York, that all employment in positions under any of the schedules except Schedule G shall be provisional, and which provisional service shall continue six months, after which, if the conduct and character of the appointee have been found satisfactory to the appointing officer, he shall receive an appointment, apply only to permanent appointments made after examination, and do not entitle an appointee under regulation 34, which provides for temporary appointments where there is no eligible list, to a permanent appointment, although he may have served acceptably under such temporary appointment for more than six months.

Mandamus on relation of Orr against John J. Scannell, fire commissioner of the city of New York. Writ denied.

TRUAX, J.    This is an application for an alternative writ of mandamus requiring the fire commissioner of the city of New York "to designate the relator, and correct the books, records, and present pay roll of his department so that said relator may in said records and books of the department, and in the present and future pay rolls thereof, be designated * * * as permanent assistant fire marshal." On the 2d day of April, 1898, the relator was appointed by John J. Scannell, fire commissioner of the city of New York, a "temporary" assistant fire marshal, and continued to act as such "temporary" assistant fire marshal until on or about the 10th day of August, 1899, when such temporary appointment came to an end by operation of chapter 370 of the Laws of 1899, known as the "White Civil Service Law," and the rules and regulations adopted under said act. The position of assistant fire marshal is a competitive position, and is in Schedule F of the municipal civil service commission of the city of New York, but the relator was not appointed after a competitive examination, but by virtue of the power granted to the fire commissioner by regulation 34 of the municipal civil service regulations of the city of New York, adopted March 5, 1898. This regulation reads as follows:

"When there is no eligible list for the position for which a requisition is made, or which has not been classified, and upon receipt of a certificate to that effect from the secretary of the civil service commission, any department may make a temporary appointment to said position. An eligible list shall thereupon be prepared, and the position shall then be filled therefrom. The right of such temporary appointee to retain such position shall cease within five days of the receipt from the secretary of the civil service commission of an eligible list. * * *"

The relator bases his application for the relief demanded upon the above regulation 34 and upon regulation 35, which reads as follows:

"All employment in positions under any of the schedules except Schedule G shall be provisional, and which provisional service shall continue six months, except in Schedule C, when it shall be for one month, during which period the person so employed may at any time be peremptorily discharged from service. If during that period (subject as to policemen and firemen to regulation 55) the conduct and character of the appointee are found satisfactory to the appointing officer, he shall, at the close thereof, receive an appointment, but otherwise his employment shall cease. Any one failing to receive appointment at the end of six months, except in the case of an appointment for a position the

duties of which are completed before the end of the six months herein mentioned, shall be ineligible for one year for appointment in the municipal service in any department."

There being no eligible list for the position of assistant fire marshal at the time the requisition was made for such a list, the fire commissioner appointed relator a "temporary" fire marshal, and this was all said commissioner had power to do under the circumstances. The reason for the enactment of regulation 34, quoted above, was to provide for emergencies only, and not to affect permanent appointments, either directly or indirectly; and the fire commissioner was acting within the power allowed by said regulation when he appointed the relator temporarily to said position of assistant fire marshal, to hold during the pleasure of said commissioner; but such appointment could be terminated within five days after the receipt by said commissioner of a certification from the secretary of the civil service commission of an eligible list. The fire commissioner had no power, under the circumstances, to make a permanent appointment. A temporary appointment cannot in any way ripen into a permanent appointment. No method is provided or indicated in the present civil service law, or the rules and regulations adopted thereunder, whereby a temporary appointee may become a permanent appointee. If such a thing could be done, it would defeat the entire scheme of civil service and nullify the constitutional provisions in regard thereto. Article 5, § 9, of the constitution of the state of New York reads as follows:

"Appointments and promotions in the civil service of the state and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, as far as practicable, by examination, which, so far as practicable, shall be competitive. * * * Laws shall be made to provide for the enforcement of this section."

Pursuant to said section, laws have been made providing for its enforcement, and accordingly provision was made by section 123 of the Greater New York charter as follows:

"The mayor shall appoint three or more suitable persons as commissioners to prescribe and amend, subject to his approval, and to enforce regulations for appointments and promotions in the civil service thereof, and for classifications and examinations therein, and for the registration and selection of laborers for employment therein, in pursuance of the constitution of this state."

On the 1st day of January, 1898, Mayor Van Wyck appointed three civil service commissioners, who thereafter duly entered upon the discharge of their duties, and prepared regulations for appointment to and promotions in the civil service of the city of New York. Regulations 34 and 35, above quoted, were duly prepared by them, and on the 5th day of March, 1898, were approved by Mayor Van Wyck, and thereupon became operative under the charter. Regulation 34 provides for emergencies by allowing temporary appointments, while regulation 35 provides a method to ascertain, by a period of probation, the conduct, character, and fitness of a permanent appointee. In the first case the person is a temporary appointee, whose appointment can never ripen into a permanent appointment; while, in the second case, the person is a permanent appointee, subject to be removed during the probationary period.

The appointee under regulation 34 was not required to pass an examination, while the appointee under regulation 35 was required to pass a competitive examination. The fact that the civil service commissioners have failed to certify to the fire commissioner an eligible list for the position of assistant fire marshal does not make the relator's temporary appointment a permanent one. Permanent appointments in the competitive classes or schedules can only be made after passing a competitive examination. The position of assistant fire marshal is, in Schedule F, a competitive position, and relator never has passed any competitive examination for said position. ,

Motion denied, with costs. Order to be settled on notice.