EDWARD KOSO, Appellant, *v.* FREDERICK S. GREENE, as Superintendent of Public Works of the State of New York, Respondent.

(Argued December 14, 1932; decided January 10, 1933.)

*John T. De Graff, Rollin B. Sanford* and *Robert W. Lochner* for appellant. A construction should be adopted which will give effect to the constitutional mandate with reference to the civil service. (N. Y. Const. art. 5, § 6.) A person serving under a temporary or provisional appointment is not in the competitive class. (*People ex rel. O'Connor* v. *Adams*, 133 N. Y. 203; *People ex rel. West. F. I. Co.* v. *Davenport*, 91 N. Y. 574; *People ex rel. Rosenthal* v. *Travis*, 169 App. Div. 203.) The original appointment means permanent appointment only. (Civil Service Rules, rules XII, XIV, XV; Civil Service Law, §§ 14, 31.) A provisional or temporary appointment cannot ripen into a permanent appointment. (*People ex rel. Orr* v. *Scannell*, 66 N. Y. Supp. 182; *Matter of Darling* v. *Maguire*, 70 Misc. Rep. 597; *People ex rel. Metz* v. *Lantry*, 32 Misc. Rep. 80.)

*Arthur J. W. Hilly, Corporation Counsel (J. Joseph Lilly, Cornelius Bregoff* and *Thomas W. A. Crowe* of counsel), for City of New York, *amicus curiæ*. The interpretation of section 31 of the Civil Service Law made by the court below is subversive of the principle of the civil service system. (*People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *Barlow* v. *Berry*, 245 N. Y. 500; *Matter of Stowe* v. *Board of Supervisors*, 236 App. Div. 212; *People ex rel. Kennedy* v. *Feldman*, 179 App. Div. 295; 221 N. Y.

655; *Rogers* v. *Common Council of Buffalo*, 123 N. Y. 173; *Arentz* v. *Morse D. D. & Repair Co.*, 249 N. Y. 439; *Heaman* v. *Rowell Co.*, 236 App. Div. 34; *Matter of Darling* v. *Maguire*, 70 Misc. Rep. 597; *People ex rel. Metz* v. *Lantry*, 32 Misc. Rep. 80; *People ex rel. Orr* v. *Scannell*, 66 N. Y. Supp. 182; *Deering* v. *City of New York*, 107 N. Y. Supp. 934.) The retention in service of the architectural designers who received permanent appointments upon dates subsequent to the date of the permanent appointment of the plaintiff was illegal and void. (Civil Service Law, § 14; *People ex rel. Rosenthal* v. *Travis*, 169 App. Div. 203; *People ex rel. Corkhill* v. *McAdoo*, 113 App. Div. 770; *People* v. *N. Y. C. R. R. Co.*, 24 N. Y. 485; *Church* v. *Kelsey*, 121 U. S. 282; *Matter of Bristol* v. *Buck*, 201 App. Div. 100; 234 N. Y. 504; *Gates* v. *State*, 128 N. Y. 221.) The true construction of section 31 of the Civil Service Law is that no right of seniority or to retention in service can be predicated upon a provisional or a temporary appointment. (*Grummer* v. *Tenement House Dept.*, 205 N. Y. 549; *Matter of City of New York*, 217 N. Y. 1; *Southampton* v. *Mecox Bay Oyster Co.*, 116 N. Y. 1; *New York* v. *New York City R. R. Co.*, 193 N. Y. 543.)

*John J. Bennett, Jr.*, Attorney-General (*Patrick H. Clune* of counsel), for respondent. Original appointment in the service means the first, the initial appointment. (Civil Service Law, § 31.) The origin, development, purpose and history of section 31 of the Civil Service Law sustain and justify the decision of the Appellate Division. (*Matter of Devins* v. *Sayer*, 200 App. Div. 669; 233 N. Y. 690; *Knights* v. *Staley*, 192 N. Y. Supp. 542; 200 App. Div. 850.)

CROUCH, J. Plaintiff on January 12, 1931, received a permanent appointment as an architectural designer in the Department of Public Works of this State, from an eligible list under the civil service. He was suspended

May 5, 1932, by reason of lack of appropriations for that department. Other architectural designers who received provisional or temporary appointments prior to the plaintiff's permanent appointment, but whose permanent appointments were subsequent to his, have been retained in the employment of the department.

Section 31 of the Civil Service Law (Cons. Laws, ch. 7) provides that " Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service * * * through no delinquency or misconduct on his part shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service," etc.

This action on a submission of facts is to determine whether, in construing this statute, the time in service is to be computed from the date of appointment to any civil service class, or whether it contemplates only the original permanent appointment in the competitive class.

By the provisions of section 15 of this law, vacancies in the competitive class which may normally be filled only upon examination and in order of priority upon the eligible list, may be filled by a provisional appointment not exceeding four months, if there are urgent reasons for so doing and no eligible list exists; and temporary appointments for a period of not more than one month may be made from an eligible list without regard to the appointee's standing thereon under similar conditions of urgency. With certain exceptions not here important provisional and temporary appointments may be terminated at any time. Temporary or provisional appointees, though in a sense holding positions in the competitive class, are, for reasons of necessity, exempt from the civil service requirements for appointment; and similarly, so long as they hold such positions, they are entitled to none of the advantages secured by period of tenure under the civil service rules. (Cf. Civil Service Rules, rule VIII [8].)

Permanent appointments are made without reference to whether the appointee is holding a temporary or provisional appointment to the same position, or how long such appointment has lasted. These appointments are mere stop-gaps, exceptions of necessity to the general rules with respect to the filling of such positions, and are in no sense probationary. While such appointments may on occasion be succeeded by a permanent appointment, this may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of the temporary or provisional appointment into a permanent appointment.

Looking only at the wording of section 31, it is literally true that a provisional or temporary appointee is holding a position in the competitive class. But he is holding it merely as a *locum tenens*. He has no competitive tenure of position in that class (*People ex rel. Rosenthal* v. *Travis*, 169 App. Div. 203) and as the non-competitive appointment secures him no preference of permanent appointment, neither does it give him preference of retention over those higher in eligibility for original permanent appointment.

We think the spirit and the reason inherent in article V, section 6, of the Constitution require a holding that the words " original appointment " as used in section 31 of the Civil Service Law mean an appointment from an eligible list for a probationary term ripening at the end of three months' satisfactory service into a permanent appointment.

The judgment should be reversed and judgment directed for plaintiff as asked for in the submission, with costs in all courts.

Pound, Ch. J., Crane, Lehman, Kellogg, O'Brien and Hubbs, JJ., concur.

Judgment accordingly.