In the Matter of the Application of Mark A. Grenan and Others, Petitioners, for an Order of Mandamus against William Gorham Rice and Others, as Commissioners of the Department of Civil Service of New York State, Respondents.

Supreme Court, Albany County, February, 1934.

*Livermore & Livermore* [*Russell B. Livermore* of counsel], for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune* of counsel], for the respondents.

STALEY, J.   The petitioners seek a mandamus order commanding the Department of Civil Service of the State to rescind a resolution adopted by it on January 25, 1934, excepting from examination Walter F. Hawks, John W. White and Chester Gilbert for appointment to the position of police officer in the town of Cortlandt, Westchester county, and for a mandamus order commanding the Department of Civil Service of the State to certify for appointment as police officers in said town names on the eligible list.   Every town in the county of Westchester shall be a town of the first class. (Town Law, § 10.)

The petition alleges, and it is admitted by the answer of respondents, that the rules of the Civil Service Commission have been extended to the towns and villages of Westchester county.   On January 1, 1934, the new Town Law (Laws of 1932, chap. 634) became completely effective.   This law was a revision of the old Town Law and repealed and superseded its provisions, the repeal taking effect as to different provisions at different times.

The provision for town and village police contained in article 14-A of the old law was omitted by the new law; the provision for police departments in towns of certain counties contained in article 14-B of the old law was superseded by article 10 of the new law.

Section 121-a of the old law, permitting the appointment of peace officers in the towns of Westchester county, was repealed and its provisions were superseded by section 158 of the new law, permitting the appointment of special policemen by the town board.

By section 150 of the new law town police departments may be established.   Where so established, section 151 provides that " In a town to which the rules of the state civil service commission have been extended, no person shall be appointed a member of

such police force unless he shall have passed an examination held by the state civil service department, and unless at the time of his appointment his name shall be on the eligible list of the state civil service department."

By section 158 the town board of any town of the first class, which is the situation here, may employ temporary police officers from time to time as the town board may determine their services necessary. This section likewise provides that "Such special police shall not be eligible to appointment unless they shall have passed an examination held by the state civil service commission, and unless their names shall be on the eligible list of the said commission at the time of their appointment."

No provision is contained in the new law for the continuance in office of peace officers appointed under section 121-a of the old law, and the effect of the new law is apparently to abolish such positions and substitute in place thereof the position of special policemen and make the appointment to such position subject to the requirements of section 158 of the new law.

The existence of an eligible list for the position of police patrolmen in the towns of Westchester county is conceded by the answer herein.

The resolution of the Department of Civil Service excepting from examination the persons named therein, and approving their appointment for temporary employment, is obviously without authority in the face of the direct provisions of the statute, and an act beyond the power of the Commission under the circumstances herein disclosed. With an eligible list existing and with the command of the statute that appointment, either for an established police force of a town or for special policemen temporarily employed therein, must be made from an eligible list, the resolution of the Department of Civil Service permitting appointments otherwise is a nullity and of no force and effect. While the Department of Civil Service has rule-making powers, and powers of classification of positions, and powers to permit temporary employment without examination, such powers cannot be exercised to abrogate or whittle away the force of positive and specific statutory provisions.

Mandamus order may be entered herein commanding the Department of Civil Service of the State to rescind the resolution of January 25, 1934, and also commanding it to certify for appointment for temporary police officers in the town of Cortlandt the names of persons eligible for such certification, with fifty dollars costs.