STATE ex JAKE v EMMONS et

Ohio Appeals, 2nd Dist, Franklin Co

No 2413. Decided April 20, 1934

Cecil Stickney, Toledo, for relator.
John W. Bricker, Attorney General, Columbus, and Isadore Topper, Asst. Attorney General, Toledo, for respondents.

SHERICK, J, (5th Dist), sitting by designation.

**OPINION**

By SHERICK, J.

Two questions are thereby presented for this court's determination, the first of which may be thus stated. May a provisional appointment of one to a position in the classified civil service of a county made upon a noncompetitive examination ripen into a permanent appointment in the classified civil service, by reason of the neglect or failure of the Civil Service Commission to hold a competitive examination within ninety days thereof for the purpose of creating an eligible list for the position from which a permanent appointment may be made? The second question naturally follows, that is: May one so provisionally appointed to a position in the classified service without having taken a competitive examination be entitled to an appeal to the State Civil Service Commission from an order of removal for cause made by the appointing authority.

Our attention has been vigorously drawn by the relator to the case of **Schroeder v State ex, 32 Oh Ap, 105, (7 Abs 422)**, wherein it was held that, an employee temporarily appointed without examination under the Toledo City Charter and rules of the civil service commission cannot be removed, except for cause after due notice and hearing, until an eligible list is created and his successor appointed therefrom. And it is strongly urged that this authority is dispositive of the questions made. We remark several points of difference, however, for the present controversy concerns a provisional appointment made in the classified service after a noncompetitive examination, and a removal by the appointing power for cause made after notice and a hearing had been had. The Schroeder case drew into question certain city charter provisions, while in this action the state law only must be controling. The matter of a right of appeal was not involved. We therefore feel at liberty to indulge the thought that what we may hereinafter determine is not in conflict with the judgment of the Sixth District.

And now proceeding to a consideration of the first query, we remark, that §10 of Article IV, of the Ohio Constitution contemplates that appointments in the civil service "shall be made according to merit and fitness, to be ascertained, as far as practicable by competitive examinations," and that laws be passed pursuant thereto. In accordance with this command there was enacted §§486-1 to 486-31. GC, inclusive. §486-8, GC, proceeds to and does recognize that all offices and positions of trust or employment are divided into two classes, that is classified and unclassified. The latter are not included in the former and are exempt from all examination requirements, and these offices and positions are defined and enumerated. It is further specified that all persons not specifically included in the

unclassified service are in the classified service and designated therein as being either in the competitive class or the unskilled labor class. It makes little difference in which subdivision the relator may be listed, for it is prescribed that both shall secure their appointment in the classified service by competitive examination, certification of an eligible list by the Commission to the appointing power, and appointment therefrom.

It is therefore apparent that it was the intent and purpose of the people and the legislature that appointments in the civil service be made according to merit and fitness, and that those in the classified service must receive appointment only after competitive examinations. By §486-14, GC, the legislature recognized that vacancies and emergencies might and would arise in the classified service, and that it would be necessary to fill these positions by provisional appointment. It was provided accordingly, that if such a vacancy existed, and if upon requisition the Commission was unable to submit an eligible list to the appointing power, then that power might nominate a person to the commission for noncompetitive examination, and if such nominee be certified by the commission after such noncompetitive examination to the appointing power, he may be provisionally appointed to such vacancy, as was done in the case of the relator, "until a selection and appointment can be made after competitive examination; but such provisional appointment shall continue in force only until regular appointments can be made from eligible lists prepared by the commission, and such eligible lists shall be prepared within ninety days thereafter." We note further that §486-21, GC, provides that no one occupying a position in the classified service shall be entitled to draw his pay unless the commission shall first certify to his appointment and his name be by it first placed on the pay rolls.

The relator in his petition legally concludes that by virtue of the respondents' neglect and failure to certify an eligible list to the county commissioners, he became a classified employee under the laws of Ohio. We do not think that this is the actual fact. We do not find any provision of this act providing that a provisional appointment made without a competitive examination to a position in the classified service shall ripen into a permanent position in the classified civil service by any extended duration of occupancy of that position by a provisional appointee, or by any failure of the commission to act in filling that vacancy by a successful applicant competitively examined. If such was possible in the absence of statutory authority, it would nullify the very purpose of protecting the tenure in office of those in the classified service who had secured appointment because of merit and fitness and only after competitive examination. The ninety day provision was not prescribed for the benefit of a provisional appointee, but for the convenience of the Commission. It rather appeals to this court that the matter of delay in this instance has worked to the benefit of the relator, for had the commission acted promptly the appointing power might have selected any one of the three certified for appointment on the eligible list. His name might not have been included; and even if it had, his provisional occupancy of the position would not make his selection compulsory.

It is pointed out in Koso v Green, 260 N. Y., 491, 184 NE 65, that, "It is literally true that a provisional or temporary appointee is holding a position in the competitive class. But he is holding it merely as a locum tenans. He has no competitive tenure of position in that class—as the noncompetitive appointment secures him no preference of permanent appointment." The true fact of the relator's tenure is, that he but held the position in place of another. Fortune favored him until cause arose for his removal. The commission is not subject to blame for that cause. It is further said in the Koso case, that:

"With certain exceptions not here important, provisional and temporary appointments may be terminated at any time. Temporary or provisional appointees, though in a sense holding positions in the competitive class, are, for reasons of necessity, exempt from the civil service requirements for appointment; and, similarly, so long as they hold such positions, they are entitled to none of the advantages secured by period of tenure under the civil service rules.—These appointments are mere stopgaps, exceptions of necessity to the general rules with respect to the filling of such positions, and are in no sense probationary."

Sec 486-17a GC provides that every one in the classified service shall hold his office during good behavior and efficient service. The Supreme Court of Colorado in Wilson v People, 208 Pac. 479, in discussing a like constitutional provision of that state, says:

"This clause places 'persons in the classified service' in their positions permanently

subject, of course, to removal upon written charges after hearing. Obviously, therefore, this clause can not refer to the persons affected by a subsequent clause, which empowers the commission to 'authorize temporary employment', for otherwise there could be no 'temporary employment.' The right to a hearing, and the right to hold a position 'during efficient service', are given only to those appointed according to merit and fitness as ascertained by a competitive examination.—The general rule, in cases of this kind, is stated in 29 Cyc. 1411, 1412, to the effect that 'limitations upon the power of removal,' contained in civil service laws, do not 'effect probationary appointments,' or persons 'not appointed as a result of a competitive examination'."

The same court in Commission v Cummings, 265 Pac., 687, restates the rule in this emphatic fashion, "a provisional appointee is not entitled either to notice or a hearing as a condition precedent to removal;" and we find recognition of the principle, expressed in **State ex v Commissioners, 101 Oh St, 336 (343),**

"This being so, his appointment by the board of county commissioners must have been provisional only, subject to be terminated upon an eligible list being certified by the state civil service commission and his successor being appointed from that list, or subject to the bill of the appointing power."

We therefore conclude that the relator is not a permanent employee in the classified service as claimed.

Having so determined, the second question is easily answered, §486-7 GC, prescribes the powers and duties of the commission. It is therein given authority to "hear appeals from the decisions of appointing officers of persons in the classified service who have been—discharged—by such appointing authority." No other section of the civil service act confers a like power upon it to entertain appeals from orders of removal of those provisionally appointed. No such power having been granted, none such exists. It cannot assume jurisdiction where such is not conferred. In **State ex v Commissioners, 101 Oh St, 336,** supra, the relator, being a provisional appointee, sought to appeal his cause to the commission; respecting which, the court held:

"The appointment of the relator then having been made without reference to his qualification under a civil service examination, the state civil service commission never obtained jurisdiction over the employment, and, therefore, had no jurisdiction over the termination of that employment."

It must follow that the writ is denied and the petition dismissed.

HORNBECK, PJ, and BARNES, J, concur.