In the Matter of the Application of HARRY B. Goss, Petitioner, for a Peremptory Order of Mandamus against WILLIAM G. RICE and Others, Constituting the Civil Service Commission of the State of New York, and the STATE COMPTROLLER OF THE STATE OF NEW YORK, Respondents.

Supreme Court, Special Term, Albany County, October 15, 1936.

*Myle J. Holley,* for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney-General,* of counsel], for the respondents.

*H. Eliot Kaplan,* for the Civil Service Reform Association, *amicus curiæ.*

*John W. Olmstead,* for John C. Ryan and Wells F. Wise, *amicus curiæ.*

BERGAN, J. Petitioner moves for a peremptory order of mandamus directed to the respondents, the State Civil Service Commission, to require the issuance of a certificate of reinstatement to the position of executive officer of the Westchester County Alcoholic Control Board and to approve and certify to the State Comptroller for payment the payroll of the Westchester County Alcoholic Beverage Control Board containing the name of the petitioner and to direct the respondent, the State Comptroller, to make the appropriate payments of salary to the petitioner in such position.

On the 15th day of May, 1933, the petitioner was appointed as an investigator by the Westchester County Alcoholic Beverage Control Board as then organized. On the 1st day of September, 1933, he was appointed by such board as acting executive officer, and on the 1st day of January, 1934, he was appointed by the board as executive officer. None of these appointments was made from a competitive list established by the State Civil Service Commission, but were temporary and provisional appointments and were authorized as such.

He served in these capacities continuously until the 18th day of May, 1936, when the Civil Service Commission declined further to certify the name of the petitioner upon the payrolls of the Westchester County Alcoholic Beverage Control Board. On the 3d day of June, 1936, the petitioner applied to the Westchester County Alcoholic Beverage Control Board for reinstatement to his position as executive officer and on the 5th day of June, 1936, the Westchester County Alcoholic Beverage Control Board adopted a resolution directing the reinstatement of the petitioner to the position of executive officer, which resolution recited that it was made in pursuance of the provisions of rule 16 of the Rules for the Classified Civil Service of the State of New York.

The petition contains the allegation " that your petitioner has held a position under the Civil Service Rules and has served continuously in the competitive class for more than three years," but it is urged upon the argument and in the memoranda filed by the petitioner that the position of executive officer of the Westchester County Alcoholic Beverage Control Board is not a position in the competitive class of the civil service, and that " it is the contention of counsel on this application that the position of executive officer

is not subject to civil service regulations." From this it is apparent that the petitioner takes the position in the alternative, that though he may not be entitled to the benefits accruing to one who has served continuously in the competitive class of the civil service for three years, under rule 16 of the State Civil Service Rules, he is nevertheless entitled to the position on the ground it is not in the competitive class of the civil service. An examination of this contention would seem to be required in an adequate determination of this application.

The administration of the Alcoholic Beverage Control Law, in so far as it applies to the appointment of officers and employees, is divided into two branches, the first being the Liquor Authority, as provided in article 2 of the act, and the second being the local alcoholic beverage control boards, as provided in article 3 of the act. Certain officers of the Liquor Authority, including the chief executive officer, assistant chief executive officers, confidential secretary to the commissioners and deputies, "shall be in the exempt class of the civil service." (§ 15.) This provision, however, has no relationship whatever to any officer of a local alcoholic beverage control board and relates solely to the Liquor Authority. It does not in any way affect the status of the petitioner in the civil service.

The controlling statute in respect of the appointment of officers and employees of local boards is section 38 of the Alcoholic Beverage Control Law. This section authorizes each local board to appoint an executive officer and such other employees and assistants as may be required. It is quite silent in respect of their civil service status. In the absence of express provision to the contrary, the Civil Service Law is applicable to the officers and employees of local boards. The administration of the Alcoholic Beverage Control Law by a local board is a service of the State, and in any event a service of a civil division of the State, within the express meaning of subdivision 4 of section 2 of the Civil Service Law. Whether such a local beverage control board be regarded as an agency of Westchester county or an agency of the State in carrying into operation within a given territory the policy of the State in respect of the control of alcoholic beverages, is immaterial. In either case the officers and employees of the local board are engaged in the service of the State or of one of its civil divisions and are in the " State service " within the scope of the definition contained in section 2 of the Civil Service Law.

The provisions of the Civil Service Law are the legislative enactment of mandatory constitutional directions which require appointments to be made in the civil service of the State " and of all the

civil divisions thereof " according to merit and fitness, to be ascertained so far as practicable by competitive examination. (State Const. art. V, § 6.) The Civil Service Law further provides, section 9, that the classified service shall comprise all positions not included in the unclassified service. It is apparent that the position of executive officer of a local alcoholic beverage control board is not in the exempt class, as provided by Civil Service Law, section 13, or in the non-competitive class provided by section 17, or the labor class in cities provided in section 18.

Section 14 of the Civil Service Law provides that the competitive class " shall include all positions for which it is practicable to determine the merit and fitness of applicants by competitive examination, and shall include all positions now existing, or hereafter created, of whatever functions, designations or compensation, in each and every branch of the classified service, except such positions as are in the exempt class, the noncompetitive class or the labor class." It follows that the position to which the petitioner contends he is entitled is in the competitive class of the civil service.

The petitioner, however, relies chiefly upon the provisions of rule 16 of the Rules for the Classified Civil Service of the State as a basis of his right to continue to occupy the position and to receive the compensation therefor. The pertinent portions of this rule provide that " a person who did not enter the service as the result of examination but who has served continuously in the competitive class for at least three years, and who has been separated from the service through no delinquency or misconduct on his part, by removal, resignation, suspension, by leave of absence, without pay, may be reinstated without re-examination in a vacant position in the same office, department or institution, and in the same group, subdivision and grade, within one year from the date of such separation."

It is urged by the petitioner that he served continuously in the competitive class of the service from the 15th day of May, 1933, when he was appointed as investigator by the Westchester County Alcoholic Beverage Control Board, until the 18th day of May, 1936, when he was removed from such service in pursuance of the directions of the Civil Service Commission. This is a period in excess of three years and his removal did not arise from delinquency or misconduct on his part and his reinstatement was in pursuance of the appointment by the Westchester County Alcoholic Beverage Control Board on the 5th day of June, 1936, under the purported authority of rule 16 of the State Civil Service Rules.

The position taken by the respondents that during a portion of the three-year period the petitioner was in the service as an investigator, and during another portion as an acting executive officer,

and during the last portion as executive officer of the local board, and hence that he has not served in the position of executive officer to which he now seeks reinstatement, for a continuous period of three years, seems wholly without merit. Whatever his title may have been, he was, during all of such period, acting in the competitive class of the civil service, and it is clear that he served continuously in such class for at least three years.

There has been, therefore, a technical compliance with the rule. It is contended by the respondents, however, that during a substantial portion of the time of the petitioner's continuous service he occupied the position in violation of express provisions of the Civil Service Law, and the question which seems to me to be determinative of this application is whether services performed in violation of the statute deprive the petitioner of the beneficial provisions of rule 16, which would otherwise now entitle him to reinstatement.

In the early administration of the Alcoholic Beverage Control Law arrangements were necessarily made for temporary and provisional service of employees and, indeed, the first Alcoholic Beverage Control Law adopted by the Legislature in 1933 was understood to be merely a temporary statute to be supplanted by a permanent statute which was adopted in the following year as chapter 478 of the Laws of 1934. For this and other reasons it seems unnecessary to discuss the validity of the occupation by the petitioner of this position prior to the 24th day of August, 1934.

On that day, it is disclosed in the answering affidavit of the respondents, an eligible list for the position of executive officer of the Westchester County Alcoholic Beverage Control Board was established by the State Civil Service Commission as the result of a competitive examination. The appointment of the petitioner prior to the establishment of the eligible list had been provisional and temporary and seems to have been made in pursuance of subdivision 4 of rule 8 of the State Civil Service Rules, which provides that " Whenever there are urgent reasons for filling a vacancy in any position in the competitive class, and there is no list of persons eligible for appointment after competitive examination, or the existing list contains less than three names, the appointing officer may nominate a person to the Commission for non-competitive examination, and if such nominee shall be certified by such Commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination."

The rule expressly provides, however, that such an appointment shall not continue more than twenty days after notice to the appoint-

ing officer that an eligible list has been prepared, nor in any case for a longer period than four months, and subdivision 1 of section 15 of the Civil Service Law provides that provisional appointments may be made under certain circumstances until a selection and appointment can be made "after competitive examination, but such provisional appointment shall not continue for a longer period than four months, nor shall successive provisional appointments be made to the same position under this subdivision."

The petitioner could not lawfully occupy the position twenty days after the establishment of the eligible list on August 24, 1934, under the Civil Service Law, and, in any event, he could not continue in a provisional appointment for more than four months, or could he lawfully be the beneficiary of successive provisional appointments. The scheme of the statute, read in connection with the rules adopted in pursuance thereof, would seem to impose a prohibition upon successive provisional appointments and to terminate all right to occupation of any position under provisional appointments twenty days after the establishment of an eligible list.

On the 11th day of October, 1935, an order was made by the Special Term in Albany county upon the application of the petitioner directing the present respondents to certify and approve payrolls of the Westchester County Alcoholic Beverage Control Board containing the name of the petitioner until twenty days following the appointment of a member of the Westchester County Alcoholic Beverage Control Board in which there was then a vacancy. The order likewise directed the certification of the name of the petitioner upon the payrolls of the local board for the period commencing the 26th day of March, 1935, and terminating October 1, 1935. The order recites upon its face that the Attorney-General appeared for the present respondents but did not oppose the application. The order seems to have been based on the fact that because the Westchester board was not complete there was no appointing authority in existence to fill the position of executive officer from the list and that necessity required the continuance of the petitioner in the position until an appointing authority functioned.

Whatever may be the underlying infirmities of the right of the petitioner to occupy the position from the 26th day of March, 1935, to the 1st day of October, 1935, and thereafter until twenty days following the appointment of an additional member of the Westchester County Alcoholic Beverage Control Board, it would seem to me that this consent order was a judicial determination of that right during the period included in the order, and that the validity of the petitioner's "continuous service" during such period is

not now open to question in view of the former adjudication. His continuous service during the precise period covered by the provisions of the order of this court must be deemed to have been a service that accorded with the provisions of law. Whether the respondents intended the order which they did not oppose to have this effect is not important.

I do not think, however, that the effect of the order should be construed beyond its precise terms, or as operating to validate the service of the petitioner prior to March 26, 1935. I conclude that his service from a period of twenty days succeeding the 24th day of August, 1934, to the 26th day of March, 1935, was in violation of the provisions of the Civil Service Law and the rules adopted in pursuance thereof, and it was not such service within the contemplation of rule 16 of the State Civil Service Rules as would entitle the petitioner to the beneficial rights accruing under such rule to one who has " served continuously in the competitive class for at least three years."

That his service may have been permitted voluntarily by these respondents to have continued for at least a portion of the time prior to the order of October 11, 1935, is not controlling. The doctrine of estoppel does not here apply to the acts of the respondents as public officers as it would, perhaps, if it were a private controversy. The service continued in violation of the spirit and letter of the statute. I think it is clear that rule 16 may apply only to one lawfully in the service and not to a *de facto* occupant of the office. (*People ex rel. Hannan* v. *Board of Health,* 153 N. Y. 513, 518, 519, 521; *People ex rel. Kopp* v. *French,* 102 id. 583, 585; *Matter of Darling* v. *Maguire,* 70 Misc. 597, 602.) If there is deemed to be inconsistency between the rule and the statute, the rule must yield to the statute. (*Matter of Grenan* v. *Rice,* 150 Misc. 784, 786.) If the legality of the occupation of the position under temporary appointments were to be assumed, it would nevertheless be doubtful if the service would entitle him to the benefits of one in the " competitive class." It has been said that a temporary or provisional appointee occupies the position *locum tenens.* " He has no competitive tenure of position in that class." (*Kiso* v. *Greene,* 260 N. Y. 491, 495.)

The motion for peremptory order of mandamus is denied as a matter of law and not in the exercise of discretion, without costs.

Submit order.