In the Matter of the Application of HARRY B. Goss for a Peremptory Order of Mandamus against WILLIAM G. RICE and Others, Constituting the Civil Service Commission of the State of New York, and MORRIS S. TREMAINE, Comptroller of the State of New York, Respondents.— This is an appeal by petitioner from an order of the Albany Special Term of the Supreme Court entered in the clerk's office of that county on November 5, 1936, denying his application for a peremptory order of mandamus directed to the respondents, the State Civil Service Commission, to compel the issuance of a certificate of reinstatement to the position of executive officer of the Westchester County Alcoholic Beverage Control Board and to make provision for the payment of his salary. On May 15, 1933, the petitioner was appointed as an investigator by the Westchester County Alcoholic Beverage Control Board as then organized. The appointment was a temporary and provisional one. On September first of the same year he received a like appointment as acting executive officer. On January 1, 1934, he received a like appointment as executive officer. None of these appointments was made from a competitive list, established by the State Civil Service Commission. There was no list in existence. Provisional appointments are authorized by subdivision 1 of section 15 of the Civil Service Law. They may not be made, however, for longer than four months. Successive appointments may not be made to the same position. Subdivision 4 of rule 8 of the Civil Service Rules provides for making of like appointments, but such appointments shall not continue more than twenty days after notice to the appointing officer that an eligible list has been prepared for such

position nor in any case for a longer period than four months. Petitioner remained in these capacities until May 18, 1936, when the Civil Service Commission declined to certify his name on the payrolls. An eligible list for the position of executive officer was ·promulgated in August, 1934. That office was then placed in the competitive class in accordance with the provisions of the Civil Service Law. Petitioner could not lawfully occupy the position for more than twenty days after the establishment of the eligible list on August 24, 1934, nor could he continue with a provisional appointment for more than four months beyond that date. The claim of petitioner is that he is protected by rule 16 of the Civil Service Rules. That rule does not apply to a provisional or temporary appointee but only to one who has entered the service as the result of a permanent appointment. ( *Koso* v. *Greene*, 260 N. Y. 491; *People ex rel. Hannan* v. *Board of Health*, 153 id. 513.) Order unanimously affirmed, without costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.