In the Matter of MARY O'S. GROUT et al., Respondents, against JAMES E. FINEGAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

Argued June 8, 1937; decided July 13, 1937.

*Paul Windels*, Corporation Counsel (*Jeremiah M. Evarts*, *Paxton Blair* and *Robert H. Schaffer* of counsel), for appellants. The action of the Commission in prescribing equivalent sets of preliminary requirements for admission to the examination was a proper exercise of its administrative power and in accordance with the provisions of the statute (L. 1931, ch. 798, as amd.). (*People ex rel. Schau* v. *McWilliams*, 185 N. Y. 92; *People ex rel. Moriarity* v. *Creelman*, 206 N. Y. 570.)

*Roy P. Monahan* and *Francis L. Field* for respondents.

CRANE, Ch. J. In 1931 the Legislature of this State undertook to provide a means of support for the unemployed and those in want. It passed an act, chapter 798 of the Laws of 1931, entitled, " An act to relieve the people of the state from the hardships and suffering caused by unemployment, * * *," creating a temporary emergency relief administration. It was passed solely for an emergency in unemployment which was defined as the period between the 1st day of November,

1931, and the 1st day of June, 1932. Section 28 of the act read: " The administration shall be dissolved and cease to function at the time fixed by the act. * * *." The fact is, it did not cease, and is still continuing to function, with thousands of employees who have never taken any civil service examination.

This administration has been popularized, as is the modern fashion, by the name " TERA." Local bureaus were defined as temporary emergency relief work bureaus created in cities and counties. The administration agency consisted of three persons appointed by the Governor to serve during his pleasure. Each city of the State was constituted a separate public welfare district. The mayor of the city was to establish the public welfare district in the city. These local bureaus are to be responsible for the administration of work relief, and may employ necessary clerks and assistants whose compensation shall be fixed by the officer or governing board by which such bureau is created. All these local bureaus are subject to the supervision and direction of the State administration. The legislative body of the municipal corporations shall raise the money for the work of relief and for the expenses. The act also provides for the investigation of home relief. " In a city public welfare district the city commissioner shall investigate all cases of home relief." (§ 13.)

Special attention must be given to section 19 of the act, which is brought into prominence here by reason of the civil service question involved:

" § 19. Employees of city and county commissioners. The administration may authorize city and county commissioners to employ such additional clerical and other assistants or volunteers, with qualifications satisfactory to the administration, *who shall not be subject to the provisions of the civil service law*, as may be necessary for the administration of home relief in accordance with the rules of the administration and shall determine the number of such additional clerks and assistants and fix

their salaries, which shall be paid from the money hereby appropriated. There shall be paid also from the moneys hereby appropriated fifty per centum of the salary of persons in the employment of the emergency work bureau in the administration of work relief approved by the administration whose work is concerned with the registration or investigation of applications for work or the clerical work of the bureau when such salaries have been approved and such work authorized by the administration."

In 1933 the Legislature passed an amendatory act known as chapter 259 of the Laws of 1933, which created the emergency relief bureau of from three to five persons appointed by the Mayor in place of the local bureaus. Otherwise the law of 1931 continued substantially the same.

Chapter 822 of the Laws of 1936 amended section 19 of chapter 798 of the Laws of 1931, so as to read as follows: " * * * No person employed pursuant to this act, during the emergency period, shall be subject to the provisions of the civil service law except that any local emergency relief bureau or other local relief authority may, with the approval of the administration or of the department succeeding to its functions, appoint its employees in accordance with the civil service law and rules from eligible lists established as a result of civil service examinations held subsequent to the time this section as hereby amended takes effect, in the grading of which due credit shall be given for experience with the local emergency relief bureaus or other local relief authorities."

The petitioner and others similarly situated are employees of the Works Progress Administration, a Federal agency engaged on a Works Progress Administration project in the Department of Public Welfare in the city of New York. The Municipal Civil Service Commission of the city of New York published a notice for

an open competitive examination for the position of social investigator to be held on December 30, 1936, pursuant to the provisions of section 19 of the Laws of 1936, chapter 822, as above quoted. The preliminary requirements for applicants included " 1 — presently employed in the local Emergency Relief Bureau and performing the duties of Social Investigator therein."

The petitioner for herself and others similarly situated claimed that she and they are entitled to take this examination because credit was required to be given not only to local emergency relief bureaus but other local relief authorities.

The provisions of the Laws of 1931 creating emergency relief administration and local relief bureaus and giving appointment to many persons without resort to civil service examinations had reference solely to State, city and county relief work conducted by city, county or State departments or bureaus. No portions of this act or of its amendments had any reference to Federal appointees. It was not the purpose of the act of 1936 any more than it is the purpose of chapter 358 of the Laws of 1937 creating or permitting the creation of permanent welfare bodies to take care of and provide for employees in this Works Progress Administration — a Federal agency, paid from Federal funds. The State legislation for the creation of the first emergency relief measure of 1931, through the amendments up to and including this act of last May, has reference solely to the State, city and county relief bureaus, and those who have been at work within them. We cannot extend the words of these statutes to include employees without the purpose or intent of the enactments.

The Civil Service Commission believed that admission to the examination should be granted to all emergency relief bureau employees who were performing the duties of social investigator, irrespective of their age and educa-

tion, because of the requirement of the Laws of 1936, that due credit shall be given for experience with the local emergency relief bureaus or other local relief authorities. Whether this interpretation be correct or not we are not called upon to determine at this time. Sufficient to say that such waiver of the requirements in behalf of past service does not apply to these petitioners. Emergency relief bureaus were the only agencies in the city of New York authorized to dispense home relief during the last four years. The charter of the city prohibits it from dispensing out-door relief, the technical term for relief administered under the emergency relief legislation. (Greater New York Charter [L. 1901, ch. 466], § 662.) The Civil Service Commission recognized experience with these bureaus for admission to the examination. Whatever else we may have to say about the practice of engaging employees under the Emergency Relief Administration of 1931 we at least know that all the employees, including those under the local bureaus and the emergency relief bureaus, have been carrying on this work and paid with money raised by the city and State, pursuant to these acts.

As above stated, we can find nothing in these acts which has reference to the employees of the Federal administration. A great play is made upon the words in section 19, " or other relief authorities." The whole phrase reads: " in the grading of which due credit shall be given for experience with the local emergency relief bureaus or other local relief authorities," meaning, as we interpret it, other local authorities throughout the State. Each city and county had its authority.

For the reasons here stated, the orders should be reversed, and the petition dismissed, with costs in all courts.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Orders reversed, etc.