In the Matter of the Application of JUDITH ACKERMAN, MIRIAM B. BELINE, AUGUSTA C. RYAN, and Thirty-Two Others, Appellants, Respondents, for an Order under Article 78, Civil Practice Act, against PAUL J. KERN, President, FERDINAND Q. MORTON and WALLACE S. SAYRE, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, and WILLIAM HODSON, Commissioner, Department of Welfare of the City of New York, Respondents, Appellants.

First Department, April 6, 1939.

*Albert de Roode*, for the appellants-respondents.

*Samuel J. Silverman* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents-appellants.

COHN, J.   There are at present fifty-five persons in the department of welfare holding temporary appointments in positions with the title of supervisor, grade 3.   The classification of these positions in the competitive class of civil service was established by the municipal civil service commission and was approved by the State authority on July 23, 1937.

The petitioners, thirty-five in number, are civil service employees holding positions as social investigators and supervisors in the department of welfare. In 1935 they passed a competitive promotion examination for the position classified as assistant chief investigator but were never appointed from the eligible list. They claim that the duties of the position for which they duly established their eligibility are essentially the same as those of the supervisor, grade 3.

Since they successfully passed an appropriate civil service examination for the position, the petitioners contend that they are entitled to be appointed to the positions classified as supervisor, grade 3, and which are now held by provisional employees who were formerly connected with the emergency relief bureau.

Respondents contend that the new classification, namely, supervisor, grade 3, was made, among others, to carry out the legislative plan to retain as far as practicable the experience gained by those persons who were formerly employed in the emergency relief bureau before that body was succeeded by the department of welfare in respect of home relief and its administration in the city of New York. (Public Welfare Law, art. 1-A, §§ 3-i and 3-j, amd. and added respectively by Laws of 1937, chap. 358.)

The provisions of section 3-k of the Public Welfare Law, as amended by chapter 482 of the Laws of 1938, and of section 15 of chapter 358 of the Laws of 1937, as amended by chapter 495 of the Laws of 1938, are also relied upon by respondents. The statute provides in effect that eligible lists established by civil service examinations for positions in public welfare departments of the State should be valid *only* if the examinations afforded a reasonable opportunity to emergency employees to compete in the competitive examinations to be held by the department of welfare and provided that in grading such examinations due credit was given for experience in administration of home relief gained as an employee in an equivalent position in a public welfare department or emergency relief bureau.

Respondents point out that the present temporary incumbents of the position of supervisor, grade 3, were unable to take the examination held in 1935 for the position of assistant chief investigator; that they were ineligible to compete in that examination because it was a promotion examination open only to the then employees of the department of welfare; that the use of the eligible list of assistant chief investigator for appointments in the department of welfare as presently constituted is expressly prohibited by statute, the list having been established before the enactment of section 3-k of the Public Welfare Law; that contrary to the

provisions of section 3-k of the Public Welfare Law the temporary employees who have had the "specialized" experience in the administration of home relief by virtue of their continued employment in the emergency relief bureau, were not permitted to compete for that position; that, accordingly, the list of assistant chief investigator may not be utilized to fill the positions of grade 3 supervisor now held by these temporary employees.

The same arguments were unsuccessfully urged by respondents in the case of *Matter of Britt* v. *Kern* (279 N. Y. 701). There twenty-three stenographers, clerks and bookkeepers employed in the department of welfare, who were on promotion lists promulgated in 1936 and 1937 for grade 3 positions of that class, sought appointments to the positions for which they had become eligible, in place of emergency relief bureau employees who had held these positions for years without competitive examination. The record on appeal in that case reveals that there the defendants conceded that petitioners "would have been appointed" except for the belief that section 3-k of the Public Welfare Law precluded such promotion. The Court of Appeals decided that the cited provisions of the Public Welfare Law did not bar the appointment to the places occupied by provisional appointees of the civil service employees in the department of welfare who had gained places on departmental promotion lists. *Matter of Kraus* v. *Singstad* (275 N. Y. 302) is to the same effect.

There appears to be no valid distinction between promotion lists for clerks, stenographers and bookkeepers to grade 3 and the promotion of social investigators to supervisor, grade 3. As in the *Britt* case, these petitioners hold places on a departmental promotion list, after competitive service, for advancement to higher grades, if, as and when vacancies should arise in the department.

The other point made by respondents is that petitioners are not entitled to appointment to the positions of grade 3 supervisor because they are not on the eligible list for that particular position. In the petition in this case facts are alleged which establish that the position to which petitioners are seeking appointment, namely, grade 3 supervisor, is the same as that for which they passed a competitive examination, to wit, assistant chief investigator. The answer merely contains a formal denial of the allegation that the jobs are the same. Moreover, the affidavit submitted by defendant, commissioner of public welfare, with the answer contains nothing which differentiates the positions.

The proceeding here is governed by the provisions of article 78 of the Civil Practice Act. Section 1291 thereof reads as follows:

" The answer must contain proper denials and statements of new matter, as in an action, *and must set forth such facts as may be pertinent and material to show the grounds of the action taken.* * * * *He shall also serve and submit with the answer affidavits, made by a person having knowledge of the facts,* or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact." (Italics ours.)

The purpose of the requirements contained in the statute hereinabove quoted, according to the Judicial Council which proposed the new article 78 of the Civil Practice Act, " is to enable the court to make a summary disposition of the cause where there are no triable issues of fact, along the lines of Rule 113 of the Rules of Civil Practice. The language of this portion of the proposed section is derived from rule 113." (Third Annual Report of the Judicial Council, 1937, p. [186].)

In view of the proof submitted by petitioners that the salary rank, the duties and the requirements of the two positions are essentially the same and in the absence of any showing by respondents to the contrary, we conclude that the eligible list for the position of assistant chief investigator is an appropriate one for use in filling vacancies for the position of supervisor, grade 3. At least, so far as petitioners are concerned, defendants are bound by section 14 of the Civil Service Law, which provides as follows: " Appointment shall be made from the eligible list most nearly appropriate for the group in which the position to be filled is classified, and a new list shall be created for a stated position or group of positions only when there is no appropriate list existing from which appointment may be made."

In view of the decision in *Matter of Britt* v. *Kern (supra),* we are of the opinion that appointments from the existing departmental promotion list of assistant chief investigator should be made in replacement of those occupying equivalent positions as temporary emergency relief employees who hold their positions without such examination.

As was said by the Court of Appeals in *Matter of Kraus* v. *Singstad (supra,* at p. 308): " Whatever liberality was allowable in the filling of these positions in 1931 to enable the local bureaus to function does not justify the continuance from year to year, under the guise of emergency, of the employment of thousands in violation of this civil service principle and constitutional mandate."

The right of promotion may not be denied to those who have faithfully served the city and who have won their right to promotion in the civil service, by a change in title, where, as here, the positions in question are essentially the same. Nor may provisional

employees by long-continued service acquire the right to exclude those who have passed the appropriate competitive civil service examination. A temporary appointment to a competitive position cannot ripen into a permanent appointment. (*Koso* v. *Greene*, 260 N. Y. 491, 495; *Matter of Goss* v. *Rice*, 160 Misc. 698, 705; affd., 249 App. Div. 895; *Matter of Sheridan* v. *Kern*, 255 id. 57, 60.) " If such a thing could be done, it would defeat the entire scheme of civil service and nullify the constitutional provisions in regard thereto." (*People ex rel. Orr* v. *Scannell*, 66 N. Y. Supp. 182, 184 [not officially reported].)

Defendant civil service commission should certify the names of petitioners from the promotion list for assistant chief investigator to fill positions of supervisor, grade 3, in the department of welfare now being held by persons not heretofore selected for such employment by competitive civil service examinations, and directing that so long as there is available a list of persons eligible for appointment after competitive examination, defendant William Hodson, commissioner of public welfare, discontinue, to the extent of eligible appointees, the employment of all persons now occupying places of a supervisory character under his jurisdiction receiving compensation at the rate of $2,400 up to $3,000 per annum who have not been promoted or appointed to or employed in such places of employment as the result of competitive civil service examinations for such specific places of employment.

. The order should, accordingly, be reversed and the motion to the extent indicated should be granted.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed and motion granted to the extent indicated in the opinion. Settle order on notice.