PEOPLE ex rel. CORKILL v. McADOO, Police Com'r, et al.

(Supreme Court, Appellate Division. Second Department. June 8, 1906.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—COMPETITIVE EXAMINATIONS— "REGULAR CLERKS."

Under New York City Charter, Laws 1901, p. 636, c. 466, § 1543, providing that no regular clerk or person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation, etc., all regular clerks are subject to competitive examination, so that a person appointed without examination is not within the provisions of the section as to removal.

2. SAME—CLASSIFICATION OF OFFICERS—CONCLUSIVENESS.

New York City Charter, Laws 1901, p. 636, c. 466, § 1543, declares that no regular clerk or person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation. Const. art. 5, § 9, provides that merit and fitness for positions in civil service shall be ascertained so far as practicable by examinations. In conformity with this provision Civil Service Law, Laws 1899, p. 802, c. 370, § 12, provides for the classification in the exempt class of all positions for the filling of which competitive examinations may be found not practicable. A clerk whose duties were not of such a nature as to render him properly exempt from competitive examination was nevertheless appointed without such examination and subsequently dismissed without notice or opportunity for explanation. Held that, as against a claim of the clerk to reinstatement on the ground that section 1543 of the charter had not been complied with in his dismissal, the determination of the civil service commission that the office was not one subject to competitive examination must be regarded as conclusive.

Appeal from Special Term, Kings County.

Mandamus proceeding by the people, on the. relation of John J. Corkill, against William McAdoo, as police commissioner of the city of New York, and another. From an order and judgment directing the issuance of a peremptory writ of mandamus, defendants appeal. Reversed, and proceedings dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

James D. Bell (Patrick C. Callahan, on the brief), for appellant McAdoo.

Frederick L. Taylor, for appellant Saul.

Ernest L. Crandall, for respondent.

MILLER, J. The relator was, on December 31, 1902, appointed to the position of complaint clerk of the police department of the city of New York, which position was at the time, and has since remained, in the exempt class of the classified service, according to the classification of the municipal civil service commission. He was removed from his position by the defendant without a compliance with section 1543 of the charter (chapter 466, p. 636, of the Laws of 1901), which, so far as material, provides:

"But no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service subject to competitive examination, shall

be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board or borough president, and a copy filed with the municipal civil service ."

Upon a former appeal in this case it was held that mandamus, and not quo warranto, was the proper remedy. People ex rel. Corkhill v. McAdoo, 98 App. Div. 312, 90 N. Y. Supp. 689. The issues raised by the return to the alternative writ have now been tried, with the result that the relator has a final order and judgment directing that a peremptory writ of issue to compel his reinstatement. The only question that appears to have been litigated upon the trial was whether the position of the relator was confidential, or that of a regular clerk, and the test applied, apparently by the acquiescence of all parties, was whether the duties of the position were confidential. There does not seem to have been any serious dispute as to the nature of these duties, but the question was nevertheless submitted to the jury, which found that the relator's duties were not confidential.

In order to decide this case, it is necessary to construe the provision of the statute quoted supra, which is a re-enactment of section 28, c. 335, p. 491, of the Laws of 1873, with the addition of the words "or person holding a position in the classified municipal civil service subject to competitive examination." The meaning of the words "regular clerk" has been passed upon in People ex rel. Sims v. Fire Commissioners, 73 N. Y. 437, and People ex rel. v. Board of Fire Commissioners, 86 N. Y. 149, which held that the words were used in their popular sense, and included only such positions as did not require any other qualification than the ability to perform purely clerical work. There was no such thing as a classified civil service at the time of the act in 1873, and the addition of the words quoted last above is doubtless accounted for by the classifications provided for by the civil service law, now chapter 370, p. 795, of the Laws of 1899, and I think the expression added includes the former. The Constitution provides (article 5, § 9), that merit and fitness for positions in the civil service shall be ascertained, "so far as practicable, by examinations, which, so far as practicable, shall be competitive." In harmony with this constitutional provision, section 12 of the civil service law provides for classification in the exempt class of all positions "for the filling of which competitive or noncompetitive examination may be found to be not practicable," and the test prescribed by the Court of Appeals as to the practicability of an examination is whether the duties are of a confidential character. Chittenden v. Wurster, 152 N. Y. 345, 46 N. E. 857, 37 L. R. A. 809. No reason can be suggested for asserting that a competitive examination is not practicable for positions whose duties are purely clerical, and, as we have seen, those whose duties are more than merely clerical are not "regular clerks." Of course, the statute must contemplate that all positions in the civil service will be subject to competitive examination, unless such examination is impracticable, and it must, therefore, follow that the expression "person holding a position in the classified municipal civil service subject to competitive examination" was intended to include every "regular clerk."

But it is insisted that the classification adopted by the civil service commission is not controlling, and that, although the relator obtained his appointment without competitive examination, he is still granted immunity from removal by this statute in case the court should hold that the commission erred in classifying the position as one for which a competitive examination was not practicable; in other words, that he may be granted immunity from removal from a position by the assertion that he holds it in violation of the Constitution. The Court of Appeals has recently held that the act of classification by a civil service commission is a legislative or administrative, and not a judicial, act, and that it cannot be reviewed by the courts, and that the only control that the courts can exercise over such an act is a limited and qualified one, to be exercised only by mandamus in cases where the act sought to be controlled is so palpably violative of the law as to present no fair or reasonable ground for difference of opinion among intelligent and conscientious officials. People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785. It will not be claimed that the classification of the position in question could be controlled by mandamus within the rule stated supra. Even the learned trial court was so much in doubt whether the duties of the position were confidential that, although the nature of such duties appeared without dispute, he submitted the question to the jury. If the classification of the commissioners cannot be directly attacked, it should be conclusive when called in question collaterally by a person seeking restoration to a position upon the ground that his appointment to such position was illegal. We do not think the aid of the courts can successfully be invoked for the accomplishment of such purpose.

The judgment and order should be reversed, and the proceedings dismissed.

Judgment and order reversed, with costs, and proceedings dismissed, with costs. All concur.