PEOPLE ex rel. ROSENTHAL v. TRAVIS, State Comptroller.   (No. 7661.)

(Supreme Court, Appellate Division, First Department.   July 9, 1915.)

1. OFFICERS ☞11—CIVIL SERVICE—COMPETITIVE CLASSES.
    Under Civil Service Law (Consol. Laws, c. 7) § 15, subd. 2, declaring that in case of a vacancy in a position in the competitive class, where peculiar qualifications of a scientific, professional, or educational character are required, the state or municipal commission may suspend the provisions of the rule requiring competition, but no such suspension shall be general, relator, who was appointed as a legal examiner and investigator for the comptroller of the state, without examination, after a suspension of the rules, does not come within the competitive class, though his position ordinarily came within such class.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. ☞11.]

2. OFFICERS ☞72—REMOVAL—CIVIL SERVICE—NOTICE.
    Relator, on being discharged from an office to which he had been appointed without examination, because a reorganization rendered the office a sinecure without duties, is not entitled to notice; the provision of law requiring notice to and an opportunity for the officer to protest, applying only in case of removal for delinquency.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 101–103, 105–107; Dec. Dig. ☞72.]

3. OFFICERS ☞71—REMOVAL—LACK OF DUTIES.
    Heads of state departments may remove officers appointed under the Civil Service Law, where owing to a reorganization there are no duties for them to perform and no compensation for such office has been provided.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 99; Dec. Dig. ☞71.]

Appeal from Special Term, New York County.

Application by the People, on the relation of Julius Rosenthal, for writ of mandamus against Eugene M. Travis, as Comptroller of the State of New York. From an order granting a motion for a peremptory writ, respondent appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Robert P. Beyer, Deputy Atty. Gen., for appellant.
I. T. Flatto, of New York City, for respondent.

HOTCHKISS, J.   The relator was appointed assistant chief clerk in the stock transfer bureau of the state comptroller's office on July 15, 1913, and continued to hold that position until October 28th of the same year.   On October 14, 1913, Mr. Sohmer, then the comptroller of the state, applied to the state civil service commission to suspend the rules and, in pursuance of section 15, subd. 2, of the Civil Service Law (Laws 1909, c. 15), to permit the appointment of the relator without examination to the position of legal examiner and investigator in the said bureau, a position which was then and has since continued to be in the competitive class, which application was granted, and the relator was, without examination, appointed to such position on or about October 28, 1913.   The position to which relator was so appointed, and

the duties performed by him therein, were held and performed in the office of the comptroller located in the city of New York, where by law the comptroller is permitted to maintain an office.

On or about January 2, 1915, the defendant Travis, without notice, removed the relator from the position so held by him. The relator claims, as matter of law, that his position was in the competitive class, and hence that he could not be summarily removed without notice, and, as matter of fact, that his removal was in bad faith and for political reasons. The defendant alleges that relator was removed solely for reasons of economy, that the position was a sinecure, that there was no work for the relator to perform, and that in preparing the budget for his office he (defendant) had omitted to provide for any such position as that held by the relator. It does not appear that any one has been appointed to fill the position formerly occupied by the relator.

[1] In view of the circumstances under which relator was appointed, I do not think he is to be regarded as within the competitive class, although generically his position may have been competitive. Section 15, subd. 2, of the Civil Service Law, to which I have referred, is as follows:

"In case of a vacancy in a position in the competitive class where peculiar and exceptional qualifications of a scientific, professional or educational character are required, * * * the state or municipal commission may suspend the provisions of the rule requiring competition in such case, but no such suspension shall be general in its application to such place, and all such cases of suspension shall be reported in the annual reports of such commissioners with the reasons therefor."

I think it is manifest that any appointment made under the foregoing provisions is exceptional, and that the appointee is thereby taken out of the competitive class, where those holding a similar position ordinarily belong, and that he is pro hac vice placed in a noncompetitive class, and thus becomes subject to removal under circumstances applicable to persons in such class. Such a construction co-ordinates the manner of removal with the manner of appointment in the particular instance and offends neither the spirit nor the letter of the Civil Service Law. A similar principle was applied in the construction of the Municipal Civil Service Law in People ex rel. Corkill v. McAdoo, 113 App. Div. 770, 99 N. Y. Supp. 324.

[2] Assuming, however, that relator was among the class entitled to notice and an opportunity to explain, if he was not removed for any delinquency on his part, but from motives of economy, or because there was no work for him to do, I cannot see that he was entitled to notice. The provision of law requiring notice and that an opportunity be afforded an employé to explain, cannot, in reason, apply where the removal is not in consequence of any delinquency on the part of the employé, but is for some other and sufficient reason. As was said in People ex rel. Moloney v. Waring, 7 App. Div. 204, 206, 40 N. Y. Supp. 275, 276:

"It would be highly absurd to gravely notify him that he is to be removed * * * because of some rearrangement of the force of the department,

which renders the employment of so many men unnecessary, and to invite a discussion of this matter between the head of the department and his subordinate."

Concerning the grounds of the relator's removal, the record, as I have stated, discloses an unequivocal affirmation on the part of the defendant that relator was discharged because there was no work for him to do, and that, if continued therein, relator's position would be a sinecure; that no one had been appointed to fill the position from which relator had been removed, and no money had been provided for the compensation of any incumbent of such a position.

[3] We have repeatedly held that under such circumstances the heads of New York City departments may lawfully remove or suspend employés thereof (People ex rel. Kaufman v. Board of Education, 166 App. Div. 58, 151 N. Y. Supp. 585; People ex rel. Vincing v. Hayes, 135 App. Div. 19, 119 N. Y. Supp. 808; People ex rel. Griffin v. Williams, 153 N. Y. Supp. 926), and I cannot doubt that state officers have similar power. In every case the record should be carefully examined for the purpose of ascertaining whether any evidence of an abuse of power is disclosed; but where there is none, and where the good faith of the defendant satisfactorily appears, mere allegations of bad faith, or that the discharge was for reasons not countenanced by law, should not be accepted as sufficient to raise an issue of fact.

The order directing the issuance of a peremptory mandamus should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

HENDRICKSON v. O'BRIEN CONST. CO.　(No. 7558.)

(Supreme Court, Appellate Division, First Department.　July 9, 1915.)

MASTER AND SERVANT &⇒286—EMPLOYERS' LIABILITY ACT—PRIMA FACIE CASE—DIRECTING VERDICT.

　　In an action under the Employers' Liability Act (Consol. Laws, c. 31), evidence *held* sufficient to establish a prima facie case for plaintiff as to an act of negligence on the part of defendant's foreman for which it was liable, making it error to direct a verdict.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. &⇒286.]

　　Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.