RAMÓN SÁRRAGA, demandante y apelado, *v.* R. SANCHO BONET, TESORERO DE PUERTO RICO, y LESLIE A. MacLEOD, AUDITOR DE PUERTO RICO, demandados y apelantes.

Núm. 8132.—*Sometido:* Mayo 20, 1940. *Resuelto:* Mayo 28, 1940.

*Hon. Procurador General George A. Malcolm y R. García Cintrón, Subprocurador Auxiliar,* abogados de los apelantes; *Wilson P. Colberg y José López Baralt,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El peticionario fué nombrado el 4 de febrero de 1937 Pagador y Jefe del Negociado de Cuentas del Departamento de Hacienda, con carácter temporero y con un sueldo de $3,300 anuales.

Deseando el Tesorero extenderle un nombramiento permanente y tratándose de una plaza comprendida en el "Servicio Civil Clasificado", solicitó del Gobernador que haciendo uso de la facultad conferídale por el inciso *k* de la sección 4 de la Ley de Servicio Civil (Leyes de 1931, pág. 535), eximiese a dicho empleado del examen de libre oposición en beneficio de la economía administrativa y de la eficiencia del servicio, a lo cual accedió el Gobernador en comunicación de 24 de noviembre de 1937 que literalmente ·dice así:

"La Fortaleza.—Puerto Rico.—San Juan, noviembre 24, 1937.— Hon Tesorero de P. R., San Juan, P. R.—Señor:—Refiriéndome a su comunicación del 26 último para que exima al Sr. Ramón Sárraga del examen de oposición para su nombramiento como Pagador de

Puerto Rico y Jefe del Negociado de Cuentas, Departamento de Hacienda, cargo que ha venido ocupando temporalmente desde febrero 6 de 1937, por la presente se le informa que en vista de la recomendación favorable de la Comisión de Servicio Civil y de los méritos y experiencia que el Sr. Sárraga ha tenido que lo capacitan para el cargo considerablemente más que lo que hubiera podido esperarse de cualquier otro que reuniera el requisito de examen, y considerando además su opinión de que su nombramiento resultaría en interés de la economía administrativa y en bien del servicio, por la presente se exime al Sr. Ramón Sárraga de tal examen para la indicada plaza en su Departamento, de acuerdo con el párrafo *k,* Sección 4, de la Ley de Servicio Civil, aprobada el 11 de mayo de 1931.—Respetuosamente, (firmado) Blanton Winship, Gobernador.''

Obtenido el consentimiento del Gobernador, previa consulta a la Comisión de Servicio Civil, el mismo día 24 de noviembre de 1937 el Tesorero le extendió el nombramiento permanente con un haber desde dicha fecha de $3,500 anuales.

Continuó el peticionario en dicho puesto hasta que el 31 de agosto de 1938, sin expresar razón alguna para ello, el Tesorero lo transfirió al de Jefe del Negociado de Rentas Internas a partir del primero de septiembre de 1938. No solicitó el Tesorero autorización de la Comisión de Servicio Civil para esa transferencia, pero al dirigirse a dicha Comisión el peticionario interesando que no la aprobase, contestó ésta el 26 de septiembre de 1938, que el peticionario había sido nombrado para el puesto de Pagador y Jefe del Negociado de Cuentas sin examen de libre oposición a virtud de consentimiento del Gobernador, y que como el cargo para el cual intentaba transferirlo el Tesorero estaba también incluído en el ''Servicio Civil Clasificado'', esa transferencia sólo podía verificarse con el consentimiento expreso del Gobernador, en armonía con el inciso *k* del citado artículo 4. No obstante la oposición de la Comisión de Servicio Civil, el Tesorero insistió en la transferencia, nombrando a otra persona con carácter temporero para el cargo de Pagador y Jefe del Negociado de Cuentas.

A pesar de la actuación del Tesorero, continuó el peticionario asistiendo a su oficina como de costumbre, pero al observar que ningún trabajo se le asignaba y habiendo el Tesorero rehusado enviar su nombre en la nómina del Departamento como Pagador y Jefe del Negociado de Cuentas, optó el peticionario por retirarse de su oficina, estableciendo entonces esta acción de *mandamus* interesando su reposición y el pago de los salarios devengados desde que fué así separado del cargo.

Uno de los jueces de la Corte de Distrito de San Juan, ante quien se vió el caso, desestimó la demanda, pero mientras se perfeccionaba la apelación falleció el taquígrafo que había tomado las notas taquigráficas y por ese motivo se concedió un nuevo juicio ante otro de los jueces, culminando con una sentencia favorable al peticionario.

■■ La Ley de Servicio Civil ha clasificado todos los cargos y empleos del Gobierno Insular en dos grandes ramas que denomina "Servicio no Clasificado" y "Servicio Clasificado". A este efecto, prescribe en su sección 4:

"Sección 4.—*Servicio no Clasificado.*—El Servicio no Clasificado comprenderá:

"(a) Todos los funcionarios nombrados por el Presidente de los Estados Unidos;

"(b) Todos los funcionarios nombrados por el Gobernador mediante el concurso y consentimiento del Senado;

"(c) Todos los funcionarios elegidos por el pueblo, al igual que todos aquellos cuyos nombramientos son confirmados por un cuerpo legislativo;

"(d) Todos los oficiales y empleados de la Legislatura Insular;

"(e) El secretario y el taquígrafo confidencial del Gobernador, así como un secretario particular del jefe de cada departamento ejecutivo;

"(f) No más de dos jefes auxiliares de cada departamento ejecutivo;

"(g) Los empleados domésticos de la Mansión Ejecutiva;

"(h) Todos los funcionarios y empleados cuya remuneración anual no exceda de trescientos dólares;

"(*i*) Todos los funcionarios del servicio judicial (no incluídos en cualquier otra forma en el Servicio no Clasificado);

"(*j*) No más de un taquígrafo o escribiente confidencial para cada uno de los jueces de una corte de récord y para cada fiscal de distrito;

"(*k*) El Gobernador de Puerto Rico podrá eximir de examen de libre oposición en beneficio de la economía administrativa o de la eficiencia del servicio, a cualquier funcionario o empleado, previa consulta a la Comisión de Servicio Civil y sujeto a la desaprobación de la Asamblea Legislativa."

Definiendo el Servicio Clasificado, prescribe la ley en su artículo 5:

"Sección 5.—*Servicio Clasificado.*—El Servicio Clasificado comprenderá todos los funcionarios o empleados del Gobierno Insular de Puerto Rico no específicamente comprendidos en la sección 4 de esta ley,..."

Estableciendo el procedimiento a seguir para cubrir vacantes en cargos comprendidos en el "Servicio Civil Clasificado", dispone la sección 22:

"Sección 22.—*Certificación de las listas.*—Siempre que vacare un cargo en el servicio clasificado, la autoridad nominadora, si deseare cubrir dicha vacante, enviará petición de terna a la Comisión de Servicio Civil. La Comisión certificará no más de los tres primeros nombres de personas que estén dispuestas a aceptar nombramientos, de la correspondiente lista de reposición para la clase a que haya sido asignado el cargo vacante...

"Al solicitarse una terna o cuando un cargo esté cubierto por un empleado provisional o temporero, y hubiere una lista de reposición o una de elegibles para la clase a que pertenece dicho cargo, la Comisión inmediatamente certificará elegibles según se establece anteriormente, y dicha autoridad nominadora deberá inmediatamente hacer selección para nombramiento, teniendo en cuenta únicamente el mérito y aptitud y sin tomar en consideración ningunas otras circunstancias. Ninguna persona certificada y *nombrada en esta forma* cesará, ni será suspendida, ni disfrutará de licencia, ni será transferida o reducida en sueldo o categoría, excepto por razones que tiendan a mejorar el servicio, expresadas por escrito y previa oportunidad para ser oída por la Comisión, y solamente con el consentimiento y aprobación de ésta...."

Más adelante, en la sección 28, al tratar de "Separaciones", dice:

"Sección 28.—*Separaciones*.—Ninguna persona que ocupe una plaza o destino en el servicio clasificado será separada o despedida, salvo por causas justificadas y previa formulación de cargos, y no antes de dársele oportunidad para ser oída en defensa propia."

Si como sostiene el peticionario, él pudiera considerarse como un empleado comprendido en el Servicio Civil Clasificado, se hallaría amparado por las secciones 22 y 28 de la ley, y en tal caso, no habiéndose seguido el procedimiento que para transferirlo o separarlo determina la ley, tendría derecho al auto perentorio de *mandamus* que solicita. Si por el contrario está comprendido en el Servicio Civil no Clasificado, entonces no está protegido por las secciones transcritas y su cargo está a merced del poder nominador, a menos que otra cosa expresamente se disponga por la ley. Por consiguiente, la cuestión primordial a resolver es si el peticionario está o no comprendido en el Servicio Civil Clasificado.

 Observaremos, como muy bien lo hizo el Juez Romany al fundamentar la primera sentencia que desestimó la petición, que en la sección 4, en la que se enumeran los funcionarios comprendidos en el "Servicio no Clasificado", aparece en último término el apartado *k* que ya conocemos. No puede argüirse que ese apartado se colocó en ese sitio al azar y que ninguna relación tiene con lo dispuesto en la sección 4, pues se observará que dicha sección marca con letras correlativas cada una de las clases de funcionarios comprendidos en el "Servicio Civil no Clasificado", y que el último párrafo está comprendido con la letra *k,* que es la que en el orden correlativo corresponde a los empleados que por disposición del Gobernador se eximen de examen de libre oposición, lo que evidencia el propósito legislativo de no incluir estos empleados en el "Servicio Civil Clasificado", para los cuales se exige el examen a que se refiere la sección 19 de la ley.

Es verdad que el empleo para el cual fué nombrado el peticionario es de los comprendidos en el "Servicio Civil Clasificado", pero ello no implica que el nombramiento que se extendió conlleve su ingreso en el Servicio Civil Clasificado, para lo cual exige la ley el examen de libre oposición.

A pesar de su nombramiento el peticionario continuó siendo un empleado comprendido en el "Servicio Civil no Clasificado", y fué por esta razón que la Comisión no aprobó su transferencia para el cargo de Jefe del Negociado de Arbitrios, fundándose en que para dar tal consentimiento era preciso solicitar la autorización del Gobernador, conforme se hizo cuando ocupando el primer cargo con carácter de temporero, el Tesorero resolvió nombrarlo con carácter permanente.

Se alega por el peticionario que él nunca fué separado del cargo de Pagador y Jefe del Negociado de Cuentas, fundándose en parte en que la transferencia que se hizo para el cargo de Jefe del Negociado de Arbitrios no era legal, por cuanto no se había obtenido el consentimiento de la Comisión de Servicio Civil, la que por el contrario se oponía a ello por no haberse obtenido previamente el consentimiento del Gobernador.

Si se toman en cuenta todas las circunstancias concurrentes, empezando por la carta que dirigió el Tesorero al apelado con fecha 31 de agosto de 1938, en la que le comunicaba que había sido transferido del puesto de *Paymaster* y Jefe del Negociado de Cuentas del Departamento, al de Jefe del Negociado de Arbitrios para tener efecto el primero de septiembre de 1938, y se le ordenaba que entregase todos los documentos, archivos, papeles, muebles, papel de oficina y todos los asuntos pendientes en dicho Negociado al Sr. M. Martínez Casanova, Inspector General de Contribuciones, al recibir dicha comunicación, y si se tiene en cuenta además que para el cargo ocupado por él fué nombrado el Sr. Martínez Casanova, aunque con carácter temporero, y que a pesar de que el apelante continuó asistiendo a su oficina regular-

mente no se le asignó trabajo alguno ni se incluyó su nombre en la nómina mensual, y si se considera además que al expedirse por la corte de distrito el auto alternativo de *mandamus* el tesorero se opuso a la expedición del auto perentorio, se comprenderá fácilmente que el Tesorero tuvo la intención, e implícitamente por lo menos lo manifestó al apelado, de separarlo del cargo de Pagador y Jefe del Negociado de Cuentas.

En el caso de *People* v. *Travis* (1915) 154 N. Y. Supp. 403, el relator fué nombrado para un cargo incluído en el Servicio Clasificado. Algún tiempo después el demandado lo separó del cargo sin darle audiencia. El relator alegó que la plaza de que fué separado estaba incluída en el Servicio Clasificado, que por lo tanto no podía ser separado sumariamente, sin previa audiencia, y que como cuestión de hecho su separación se llevó a cabo de mala fe y por razones políticas. Alegó el demandado que la separación tuvo efecto por razones de economía, que el cargo era una canonjía, que no había trabajo alguno que hacer y que al preparar el presupuesto de su oficina, el demandado no había hecho asignación alguna para el cargo del relator. No resultaba de los autos que se hubiese cubierto el cargo con otra persona. El nombramiento del relator se llevó a efecto de acuerdo con la sección 15, inciso 2, de la Ley de Servicio Civil de Nueva York, que dice así:

"En caso de vacar una plaza comprendida en el Servicio Clasificado que requiera cualificaciones peculiares y excepcionales de carácter científico, profesional o educacional...la Comisión del Estado o municipal puede suspender las disposiciones de la regla que para tales casos requiere examen de libre oposición..."

Al denegar la petición de *mandamus* radicada por el relator, la Corte Suprema, División Apelativa *(Supreme Court, Appellate Division)*, se expresó en los siguientes términos:

"Creo que es evidente que cualquier nombramiento hecho bajo las circunstancias expuestas es excepcional y que el nombrado, por esa razón es excluído del servicio clasificado, y que es *pro hac vice*

colocado en el servicio no clasificado, estando de ese modo sujeto a separación bajo las mismas circunstancias aplicables a las personas incluídas en dicha clasificación. Esta interpretación armoniza el procedimiento de separación con la forma del nombramiento en el caso particular y no conflije ni con el espíritu ni con la letra de la Ley de Servicio Civil. Un principio similar fué aplicado en la interpretación de la Ley de Servicio Civil municipal en *People ex rel. Corkill* v. *McAdoo,* 113 App. Div. 770, 99 N. Y. Supp. 324.''

Véase el caso de *Welling* v. *Fullen,* 299 N. Y. Supp. 86, donde se cita con aprobación el de *People* v. *Travis,* supra. En el caso de *Shinn* v. *People,* 59 Colo. 509, 149 P. 623, se suscitó la misma cuestión que en el de autos. Shinn alegaba que había sido destituído sin causa y sin previa audiencia. Se resolvió que la ley es aplicable solamente a aquellos empleados que habían tomado un examen y de ese modo demostrado la aptitud necesaria, y que Shinn no estaba en el Servicio Clasificado, y por consiguiente no tenía derecho al beneficio de la ley, porque él no había tomado examen.

Por lo expuesto, llegamos a la conclusión de que el peticionario no está incluído en el Servicio Civil Clasificado y por consiguiente no tiene derecho a la protección que a los empleados comprendidos en dicha clasificación les brinda la Ley de Servicio Civil.

*Procede, a nuestro juicio, declarar con lugar el recurso de apelación interpuesto, revocar la sentencia apelada y declarar sin lugar la petición de mandamus, con costas al demandante.*

EN MOCIÓN DE RECONSIDERACIÓN

Junio 17, 1940

█ El apelado solicita la reconsideración de nuestra sentencia de 28 del mes pasado por la que revocamos la que a su favor había dictado la corte de distrito. Insiste en que, asumiendo que él no esté incluído en el Servicio Civil Clasificado, sin embargo, como el cargo de Pagador General que él ocupaba está comprendido en dicha clasificación, no podía legalmente separársele de dicho puesto sin la previa formu-

lación de cargos y oportunidad de defensa garantizados por la sección 28 de la Ley de Servicio Civil, que literalmente dice:

"Sección 28.—*Separaciones.*—Ninguna persona que ocupe una plaza o destino en el servicio clasificado será separada o despedida, salvo por causas justificadas y previa formulación de cargos, y no antes de dársele oportunidad para ser oída en defensa propia."

La letra clara de la ley no admite duda alguna de que son las personas que ocupan cargos o destinos comprendidos en el Servicio Civil Clasificado las garantizadas por la Sección 28 transcrita; pero esta sección, naturalmente, debe ser interpretada en armonía con la 22, dispositiva de que los cargos o destinos incluídos en el Servicio Civil Clasificado deben cubrirse con personas incluídas en dicha clasificación, y en armonía también con la sección 5, que determina quiénes son los empleados o funcionarios comprendidos en el Servicio Clasificado.

Es verdad que el apelado ocupaba un cargo comprendido en el Servicio Civil Clasificado, pero su nombramiento no se le expidió de acuerdo con la regla general contenida en la sección 22 de la ley, sino a virtud de la excepción creada en la sección 4, apartado *k,* que autoriza al Gobernador, con el consentimiento de la Comisión de Servicio Civil, a eximir del examen competitivo por razón de economía o en bien del servicio, considerándose no obstante a tales empleados como comprendidos en el Servicio Civil no Clasificado de acuerdo con la citada sección 4(*k*) y con la jurisprudencia citada en la opinión principal. Por consiguiente, son aquellos y sólo aquellos funcionarios que han demostrado su competencia mediante el examen que prescribe la ley, los que tienen derecho a la estabilidad que les garantiza la sección 28 invocada por el apelado.

Si la sección últimamente citada hubiese sido redactada de forma que dijese, "ninguna persona incluída en el Servicio Civil Clasificado podrá ser separada de su cargo,"

etc., la aplicación del precepto legal así redactado, produciría a menudo efectos contrarios al claro propósito del legislador, toda vez que al ser nombrada para un puesto en el Servicio Civil no Clasificado una persona comprendida en el Servicio Clasificado, no podría ser separada de dicho puesto sin previa formulación de cargos y oportunidad de defensa, garantías que, como hemos visto, están reservadas exclusivamente a los que ocupan regularmente y no por vía de privilegio o concesión especial, los cargos comprendidos en el Servicio Civil Clasificado.

Las demás cuestiones suscitadas en la moción de reconsideración han sido suficientemente discutidas en la opinión principal.

*Procede denegar la reconsideración solicitada.*