In the Matter of the Application of ROSE KRAPP and Others, Petitioners, Appellants, for an Order under Article 78 of the Civil Practice Act, against PAUL KERN, as President of, and FERDINAND Q. MORTON and WALLACE S. SAYRE, as Members of and Constituting the MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF NEW YORK, and Others, Respondents.

First Department, November 4, 1938.

*Austin B. Mandel,* for the appellants.

*Henry J. Shields* of counsel [*Nicholas Bucci* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

CALLAHAN, J.    In 1932 a competitive examination was held by the municipal civil service commission for the position of laundry bath attendant (female), grade 2.    The position was in the classified civil service.    An eligible list was promulgated, and petitioners' names were on said list.    The petitioners failed of appointment because the list expired in January, 1937.

Following the expiration of the list, new swimming pools were opened in the public schools, and the petitioners were duly appointed as laundry bath attendants on temporary appointment.

On February 16, 1938, the municipal civil service commission declared that the list for positions known as " Attendant, Grade 2 (Female), City Wide," was an appropriate list for the position of laundry bath attendant.    This was a promotion list from attendant grade 1.

The commission notified the board of education that the attendants' list was being certified.    In connection with said notification the president of the commission wrote to the president of the board of education as follows:

" Of course, we understand that the persons on the Attendant list have not been trained in laundry practice, but we know that these persons with a short period of proper training will make satisfactory laundry attendants.

" It has been suggested that the Division of Vocational Training in your department might undertake the training of these attendants for laundry work."

The letter then pointed out that certain classes were being held in the technical high schools, and suggested that the attendants be trained in said courses.

Comparison of the qualifications required for the positions of laundry bath attendant and those required for attendants shows that they are markedly dissimilar.    The attendants are merely required to supervise rooms and places set aside for the use of females. The requirements for laundry bath attendants show that a large part of their duties is in the operation of laundry machines using live steam.    At least one year's full time experience in a steam laundry and familiarity with the running of laundry machinery were required in the examination for laundry bath attendants.    No such experience was required in the examination for attendants.

While section 14 of the Civil Service Law provides that an appointment is to be made from the eligible list most nearly appropriate for the group in which the position to be filled is classified, and that a new list is to be created for a stated position only when there is no appropriate list existing from which the appointment may be made, it does not follow that a list may be certified as appropriate if the persons thereon have in no way been tested as to their ability to perform the duties of the positions to be filled. Appointments in the civil service are to be made according to merit and fitness. (State Const. art. 5, § 6.)

The purpose of a competitive examination is to ascertain in advance the fitness of the candidates to perform work in certain designated positions. It is not sufficient that persons on a list may be able to assimilate, with further education or training, the duties to be performed in a position quite different from that for which they were examined. The dangers attendant to the operation of laundry machinery and the use of live steam are well known. It might well be that some of those who would be appointed from the attendants' list in this case would be unable to operate laundry machinery, or to do similar work in a steam laundry using live steam.

In view of all the circumstances, we are of the opinion that the exercise of judicial control to prevent the certification attempted herein is required. While courts are reluctant to interfere with the determinations of administrative bodies in the exercise of discretion, in the present instance the determination seems arbitrary and capricious, and it should be set aside.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted to the extent of restraining the municipal civil service commission from certifying to the board of education for appointment as laundry bath attendant (female), grade 2, any name from the list of attendant (female) grades 1 or 2, and restraining the comptroller and treasurer of the city from approving of payrolls of any persons appointed to such positions from the lists mentioned.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted to the extent of restraining the municipal civil service commission from certifying to the board of education for appointment as laundry bath attendant (female), grade 2, any name from the list of attendant (female), grades 1 or 2, and restraining the comptroller and treasurer of the city of New York from approving of payrolls of any persons appointed to such positions from the lists mentioned. Settle order on notice.