In the Matter of the Application of THOMAS CLIFFORD and Others Similarly Situated, Petitioners, for an Order against PAUL J. KERN, President, FERDINAND Q. MORTON and WALLACE S. SAYRE, Commissioners, Who Were and Now Are Members of and Constitute the Municipal Civil Service Commission of the City of New York, and WILLIAM HODSON, Commissioner of the Department of Welfare of the City of New York, Defendants.

Supreme Court, Special Term, New York County, May 9, 1939.

*Leopold V. Rossi,* for the petitioners.

*William C. Chanler, Corporation Counsel [David Du Vivier* and *Charles F. Murphy* of counsel], for the defendants.

FRANKENTHALER, J. The defense that the eligible list for the position of attendant-messenger (male) grade 1 was promulgated as the result of an open competitive examination not held pursuant to the provisions of section 3-k of the Public Welfare Law appears to be without merit. (*Matter of Britt* v. *Kern,* 279 N. Y. 701; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626█.) The fact that the lists involved in the cases cited were promotion lists whereas the list on which the names of petitioners appear is one from which original appointments are to be made, is not a valid ground of distinction. As Mr. Justice COHN declared in *Matter of Ackerman* v. *Kern (supra)*: "Nor may provisional employees by long continued service acquire the right to exclude those who have passed the appropriate competitive civil service examination." The same thought was expressed by Mr. Justice SHIENTAG in *Matter of Johnson* v. *Kern* (N. Y. L. J. March 20, 1939, p. 1268): "It is obvious that the Court of Appeals in both *Matter of Britt* v. *Kern* (279 N. Y. 131) and *Matter of Kraus* v. *Singstad* (275 N. Y. 302) held that the Legislature may not destroy existing lists in order to create an opportunity for those provisionally appointed to compete for their positions."

The petition alleges that there are at least 525 positions in the department of welfare under the titles of attendant-messenger which are held by provisional employees, without examination, and which should be filled by eligibles whose names appear on the attendant-messenger (male) grade 1 list. The answering papers admit that forty-seven of the persons now employed under the title of messenger and thirty-eight of the persons presently employed under the title of attendant perform duties which would naturally be performed by an attendant-messenger. There is, therefore, no valid reason for failing to issue a certificate for the appointment of at least eighty-five persons from the civil service list for attendant-messenger (male) grade 1 and the issuance of such a certificate is accordingly directed. As to the number of other positions now held by provisional employees which may be appropriately filled from said eligible list issues of fact are presented which require a trial. The determination of the respondents as to the appropriateness of a given list for the filling of positions is not necessarily conclusive. (See *Matter of Ackerman* v. *Kern, supra; Matter of Krapp* v. *Kern,* 255 App. Div. 305.)

The motion is accordingly granted to the extent of directing (1) the issuance of a certificate for the appointment of eighty-five persons from the eligible list upon which the names of petitioners appear and (2) a trial of the issue as to how many other positions now held by provisional employees without examination may appropriately be filled from the aforesaid list.   Settle order.