In the Matter of the Application of Rose Krapp and Others, Petitioners, Appellants, for an Order under Article 78 of the Civil Practice Act against Paul Kern, as President, and Others, as Members of and Constituting the Municipal Civil Service Commission of the City of New York, and Others, Respondents.

First Department, December 20, 1940.

*Austin B. Mandel* of counsel [*Mandel, Pollak & Mandel*, attorneys], for the appellants.

*Henry J. Shields* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondents.

CALLAHAN, J. The petitioners have been employed temporarily as laundry bath attendants, grade 2, in the board of education of the city of New York. The position is in the classified competitive civil service. Petitioners were on an open competitive list for said position, which was created in 1932. This list expired in 1937. Because of budgetary conditions petitioners were not appointed from said list during the life thereof. After the expiration of the list the board of education was ready to make appointments, but found no appropriate list available. Accordingly, resort was had to the expired list, and temporary appointments were made of petitioners. Thereafter the municipal civil service commission attempted to appoint permanent employees to the positions held by petitioners from a list for attendant, grade 2 (female). The propriety of the commission's action was questioned by petitioners, who litigated the matter, and the courts eventually held that the list attempted to be used was not an appropriate one. (See *Matter of Krapp* v. *Kern*, 255 App. Div. 305; affd., 281 N. Y. 617.)

In the former case part of the relief sought was an order directing that an open competitive examination be held for said position. This court refrained from so ordering, because it thought that perhaps other appropriate lists might exist. About a year after our decision the municipal civil service commission ordered a " city-wide " promotion examination for the position of laundry bath attendant, grade 2. This examination was declared open to porters, comfort station attendants, nurses' assistants, washers and cleaners in various city departments. As petitioners were only temporary employees they were excluded from this promotion examination. Some of the positions enumerated are in the labor class and some in the ungraded service.

Defendants say that their rules permit them to promote from the labor and ungraded service into the graded service. We do not question this, but merely point out the extent to which the commission went to find eligibles for promotion when an open competitive examination would have permitted those who had actual experience in the position, such as petitioners, to take part.

Petitioners contend that resort to a " city-wide " promotion examination by the commission was illegal, and cite our decision in *Matter of Cornehl* v. *Kern* (260 App. Div. 35) as authority for that contention. It was there held that section 16 of the Civil Service Law required promotions to be made from within the department where practicable.

The commission now claims that the *Cornehl* case (*supra*) is not applicable here, because it was not practicable in the present case to hold a promotion examination within the department. Their brief states that there are no persons in lower grades in the board of education who would be eligible for promotion to laundry bath attendants, grade 2. We find nothing in the record to support this statement. However, we need not presently determine whether the civil service commission may, in the proper exercise of its discretion, hold a " city-wide " promotion examination in preference to an open competitive examination where there are no eligibles for promotion in the department where the vacancies occur. It is sufficient to state that the decision of that question should be made by the commission in good faith and not arbitrarily and merely to deprive certain individuals of the opportunity to take part in an examination.

Petitioners contend that because they saw fit to resort to the courts to protect their rights by the former litigation referred to, the commission is endeavoring to prevent them from taking part in any examination for the position. If true, this would constitute arbitrary conduct on the part of the commission. Under the circumstances, we think that there was a triable issue of fact which should have been determined. (See Civ. Prac. Act, § 1295.)

It is a sufficient answer to the commission's claim that petitioners have no right to maintain this proceeding to state that petitioners' right to compel proper performance of a public duty was upheld in the prior proceeding.

The order in so far as it grants defendants' cross-motion to dismiss the petition should be reversed and the said motion denied, and, in so far as it denies petitioners' application, the order should be modified by granting an alternative order, and as so modified affirmed, with twenty dollars costs and disbursements to the petitioners, appellants.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Order, in so far as it grants defendants' cross-motion to dismiss the petition, unanimously reversed and said motion denied, and, in so far as it denies petitioners' application, modified by granting an alternative order, and as so modified affirmed, with twenty dollars costs and disbursements to the petitioners, appellants. Settle order on notice.