Santry, J.
This proceeding is brought under article 78 of the Civil Practice Act by the petitioner, Frank J. Fitzgerald, in behalf of himself and thirty-seven other persons similarly situate, against the Civil Service Commission and Frank C. Moore as Comptroller, for an order canceling and annulling certain eligible lists promulgated by the commission as the result of civil service examinations for the positions of State veteran counselor and senior State veteran counselor in the Division of Veterans’ Affairs, and for a further order directing such commission to hold a new open examination for the position of State veteran counselor and to hold a departmental promotional examination for the position of senior State veteran counselor. The petitioner likewise asks that the State Comptroller be enjoined from making payments to any person appointed from such lists. A group of some eighty persons whose names appear on these lists have been admitted to this proceeding amicus curia.
The examination for State counselor was held in the forenoon of the 10th day of May, 1947; the examination for senior State counselor was held in the afternoon of the same day, and the eligible lists for both positions were promulgated on the 1st day of March, 1948. One hundred fifty-one persons took the examination for senior State counselor, of whom ninety-four passed and are now on the eligible list. Six hundred sixty-three persons took the examination for State counselor, of whom four hundred forty-eight passed and are now on the eligible list. The petitioner and his thirty-seven associates are all employees of the Division of Veterans’ Affairs, either as State counselors or senior State counselors, and for two years or more last past have been and still are provisional and temporary employees without right of tenure. As a result of the examinations four of the persons supporting the petitioner are on the eligible list for senior State counselor, thirty-five are on the eligible list for State counselor, and two are on both lists.
The petitioner sets forth eight different grounds which he ■ claims justify the relief demanded. Six of these involve questions of law and two involve questions of fact. These grounds may be briefly stated as follows:
Those involving questions of law are:
*208 1. The commission did not prepare the questions used on the examinations, but employed one David E. Hetzel, who was not in the official service of the State or any of its civil divisions, to prepare a number of questions, some of which were used on the examinations.
2. The assignment of 40% credit to the written examination and 60% to training and experience was illegal.
3. Many of the questions did not pertain to the duties of the positions.
4. The examinations should have been in part oral and the ratings based in part on an interview.
5. The examination for senior State counselor should have been promotional rather than open.
6. No one without previous veteran counselor experience was legally qualified to take the examination for senior State counselor.
Those involving questions of fact are:
a. One Silas S. Dann, Jr., who took the examination for senior State counselor, prepared five questions which were used in the State counselor’s examination.
b. Some of the persons who participated in the examinations had prior knowledge of the questions used.
The answer of the State Civil Service Commission interposes denials on the issues of law as to the first six grounds specified and to the issues of fact as to the last two. We shall consider the issues involved in these several grounds in the order of their statement.
Ground 1. The only question raised to the employment of Hetzel in the preparation of questions to be used on the examinations is that he was not in the official service of the State or any of its civil divisions. This objection is without merit. Subdivision 2 of section 14 of the Civil Service Law (L. 1944, ch. 376), provides in part: “ Such commissions shall prepare lists of preliminary requirements and subjects of examination * * Section 4 of the Civil Service Law, provides: “ The commission shall elect one of its members to be president, and may employ such officers and employees as it may deem necessary or proper to carry out the purposes of this chapter. * * * The commission may select suitable persons in the official service of the state or any of its civil divisions, after consulting the head of the department or office in which such persons serve, to act as examiners under its direction.” The section further provides that persons so selected shall receive compensation in addition to that provided for in their *209 regular service, to cover expenses incurred in the service to the commission.
These provisions of the statute confer on the commission full authority to employ such clerical and technical assistance as may be necessary to enable it to be able to perform its functions, including that of preparing questions for examinations. The provision which authorizes the employment of persons in the official service is permissive and not mandatory. It does not limit or restrict the force of the preceding provision which authorizes the employment of such officers and employees as the commission may deem necessary or proper to carry out the purposes of the statute. The commission may employ persons in the State service, but it is not required to do so to the exclusion of all others.
The Division of Veterans’ Affairs is a new State agency, and at the time of the examinations in question few persons were familiar with the functions it was called upon to perform or with the duties and problems confronting those charged with the responsibility of administration. The commission itself had had little experience with the work of the new agency. Hetzel was an employee of the United States Veterans’ Administration, a Federal agency engaged in similar Avork. His experience naturally suggested him as a proper and competent man to assist the commission in the preparation of questions for an examination in a field with which he was familiar. (People ex rel. Caridi v. Creelman, 150 App. Div. 746.) No question is raised as to his competency or his integrity. His employment was not only authorized by the statute, but justified by his experience as well. When he had prepared his questions he submitted them to the commission. This is not disputed, but is specifically asserted in paragraph 17 of the petition. When the commission got the questions it rejected some, used some Avithout change, and used parts of others. The questions as used in the examinations were those of the commission, adopted or revdsed after review and consideration, from material submitted by Hetzel. Legally and actually the commission prepared and adopted the questions used and it delegated none of its authority or powers to Hetzel.
Grounds 2, 3,4, 5 and 6. The acts involved in these five grounds of complaint are subject to the application of the same basic principles of law, and can therefore be considered together.
The preparation and conduct of civil service examinations are administrative functions vested in the Civil Service Commission. In the exercise of these functions the commission has broad discretionary powers to determine, among other things, all matters *210 relating to the time and place of the examination; the selection of questions to be used; the manner of conducting the tests; the relative values to be given to different sections of the tests; whether the examination shall be open or promotional, and the preliminary requirements and subjects of the examination. So long as these discretionary powers are fairly and reasonably exercised the court will not intervene to substitute its judgment for that of the commission. It is only when such powers have been unreasonably and arbitrarily used, or exercised in violation of some constitutional or statutory provision, that the intervention of the court may be successfully invoked. (Matter of Loud v. Ordway, 219 N. Y. 451.) Applying these rules of law to the five grounds of complaint under consideration, we reach the conclusion that the petitioner has failed to establish any basis for the relief demanded.
The allocation of 40% to the written examination and 60% to training and experience does not constitute an arbitrary abuse of discretion. An identical allocation of values was upheld in Matter of Camfield v. Mealy (288 N. Y. 149). The case of Cowen v. Reavy (283 N. Y. 232), relied on by the appellant, is distinguishable. The basis for the decision in that case was that credit was given for “ general experience,” an item which was not used in the case at bar.
The objection of the petitioner that many of the questions did not pertain to the duties of the positions, that the examination should have been partly oral, and that ratings should have been based in part on an interview, is not well taken. Here again we are dealing with matters of judgment and discretion. The burden is on the petitioner to point out facts which would indicate an abuse of discretion, yet there is nothing in the record to indicate either the text or the substance of any question used on the examinations. There is nothing in the record to indicate whether the questions were or were not pertinent to the duties of the positions. The petitioner alleges that only by oral examination and interview could some characteristics of the candidates be determined. This is no more than a bald statement of opinion, with which the commission apparently did not agree. Where a difference of opinion exists the judgment of the commission must prevail.
The contention that the examination for senior State counselor should have been promotional rather than open is untenable. In the first place, there were no permanent employees in the Division of Veterans’ Affairs who were eligible for promotion. The petitioner and his associates were all temporary, provisional *211 employees, who had no claim to promotional status. (Koso v. Greene, 260 N. Y. 491.) "While the Civil Service Law and the rules provide that vacancies shall be filled so far as practicable from among persons holding positions in a lower grade, and that no one shall be promoted who has not served at least six months in a lower grade on a permanent basis (Civil Service Law, § 16 Rules for Classified Civil Service, rule XIV, subd. 3), this did not prevent the commission, in its discretion, from holding an open examination for senior State counselor when there were no persons employed in a lower grade who would be eligible for advancement through a promotional examination. Neither was the commission required to delay the examination for senior State counselor for six months while it held an examination for State counselor in order to enable the petitioner and his associates to acquire a permanent basis in the lower grade, which would make them eligible for advancement if they should pass the promotional examination, delayed six months for their special benefit. All the positions in the grade of senior State counselor were held by temporary employees and were open for permanent appointments. The commission was justified in holding an immediate open examination to secure a list of persons eligible for filling these vacancies. (Matter of Krapp v. Kern, 260 App. Div. 778.) To limit the examination for senior State counselor to persons having previous veteran counselor experience, as demanded by the petitioner, would destroy the competitive requirements of the law. It would grant a monopoly to the temporary employees of the Division of Veterans’ Affairs who have no status for promotional advancement, by eliminating all other persons from taking the examination. Its effect would be to freeze the petitioner and others similarly situate into permanent positions without reference to qualification or merit. The commission was fully justified in refusing to thus limit the examination. (Matter of Sheridan v. Kern, 255 App. Div. 57.)
Grounds a and b. The appellant contends that the allegations of the petition that Silas S. Dann, Jr., who took the examination for senior State counselor, prepared five questions which were used on the examination for State counselor, and the denials thereof in the answer of the commission; and, the allegations in the petition that divers persons who took the examinations had previous knowledge of the questions used, and the denials thereof in the answer of the commission, raise triable issues of fact which justify the issuance of an alternative order.
Taking the facts of the Dann matter in the aspect most favorable to the petitioner, it appears that Dann prepared five questions that were used on the examination for State counselor and *212 took the examination for senior State counselor. He did not prepare any questions on the examination which he took. He stood ninety-fourth, which was last, on the eligible list prepared from the examination in which he participated. There may have .been impropriety in what he did, but it is difficult to see where there is any illegality. Much less, there is not indicated such a degree of irregularity as would require the invalidation of the whole examination and the eligible lists based thereon. The acts complained of were those of a single individual. If he was nof eligible to take the examination the resulting situation would be completely remedied by removing his name from the eligible list. This the commission had the power to do and still has the power to do if the facts justify such action. (Civil Service Law, § 14; Buies for Classified Civil Service, rule IX, subd. 4; Matter of Marinick v. Valentine, 263 App. Div. 564, affd. 289 N. Y. 780.) The petitioner has the right to make an application to the commission for an order removing the name of Dann from the eligible list. On such application the commission would have the power and it would be its duty to hear the proof and make such determination as the facts warranted. (Matter of Shraeder v. Kern, 287 N. Y. 13; Matter of Katz v. Goldwater, 260 App. Div. 495.)
There remains for consideration the allegations that diverse persons had previous knowledge of the questions used on the examinations. These allegations are contained in two separate paragraphs of the petition which read as follows:
“ 20. That upon information and belief, diverse persons who participated in both examinations, had previous knowledge of the questions which were used.”
“ 24. That some of the persons who are on the eligible lists had prior knowledge of the examination questions to the prejudice and detriment of your petitioners.”
Nowhere in the petition or in the supporting affidavits is there any statement as to the sources of the petitioner’s information or the grounds of his belief. The positive allegation that some of the persons had prior knowledge of the questions stands alone without amplification or supporting facts. If the petitioner was able in good faith to make such a positive allegation he must have had knowledge of the identity of the persons accused and he must have had some knowledge of the facts and circumstances connected with the securing of the information relative to the questions. Yet not a single supporting fact is furnished by the petitioner. Either the petitioner was not in possession of facts sufficient to support his allegations or he deliberately chose not to disclose them to the court. In either case he has failed to show
*213 the existence of a triable issue of fact. The moving party is required to make out a clear case where gross fraud and irregularities are charged. ‘ ‘ Allegations of fraud and irregularities must be definite and substantial, and mere charges, unsupported or even supported by meagre proof will not suffice.” (Balter v. Cohen, 50 N. Y. S. 2d 526, 529.)
Finally, as pointed out above in connection with the ease of Dann, the submission to the commission by any person aggrieved of facts showing that any person or persons whose names appear upon the eligible lists were guilty of fraud in connection with an examination would result in the elimination of such persons from the lists. This would give the petitioner and his associates adequate protection and relief and obviate the long delay and inconvenience incident to the proceedings that would follow the granting of an alternative order. There is no good reason why all appointments should be delayed and many innocent persons on the eligible lists be deprived of their chance for permanent appointment because of unsupported allegations that certain individuals were guilty of misconduct.
The order of Special Term should be affirmed, without costs.
Foster, P. J., Brewster, Deyo and Bergan, JJ., concur.
Order of the Special Term affirmed, without costs.