Dore, J.
(dissenting). In an article 78 proceeding, the municipal civil service
commission appeals from an order of Special Term granting the application of petitioners, provisional appointees in the department of markets of the city of New York, directing the commission to cancel its certification of the eligible list of transit patrolman to the department of markets for appointment in positions of inspectors of markets, restraining the commission from such appointments and directing it to hold an open competitive examination.
Section 14 of the Civil Service Law provides that all appointments to a civil service position be made from the most nearly appropriate list (subd. 8) and prohibits creating a new list for a stated position if any appropriate list exists from which appointments may be made (subd. 7).
Differences in the names of the positions are not controlling; not the titles, but the respective duties, qualifications and fitness are determinative. By these tests, the positions here in question are not so dissimilar that the action of the commission may be said to be clearly arbitrary or capricious. Essentially both positions are inspeetional in nature and call for .only general intelligence, fair judgment and no technical ability or specialized knowledge. Based upon its special knowledge of the duties of the inspectors, the general level of intelli *1073 gence and judgment the employment required and the general aptitude of those on the transit patrolman’s list, the determination was for the commission alone in the absence of a clear abuse of discretion or a substantial showing of bad faith or illegality. In this case no claim of bad faith is made. Accordingly, the court should not substitute its judgment for the judgment of the commission.
The case chiefly relied on (Matter of Krapp v. Kern, 255 App. Div. 305, 307, affd. 281 N. Y. 617) is clearly distinguishable on its facts. In that case eligibles on the list for “Attendant” were certified for appointment to the position of “ Laundry Bath Attendant The duties of attendants were merely to supervise rooms. Laundry bath attendants were required to work in the operation of laundry machines using live steam and at least one year’s full time experience in a steam laundry and familiarity with running laundry machines were necessary. In the case at bar, there is no such divergence of duties or requirements.
The relevant issues may be properly determined on this record without the necessity of a trial.
The order appealed from should be reversed and the petition dismissed, with costs.
Peek, P. J., Glennon, Callahan and Shientag, JJ., concur in Per Curiam opinion; Dore, J., dissents and votes to reverse and dismiss the petition, with costs, in opinion.
Order modified to the extent of directing a trial as indicated in the opinion herein and, as so modified, affirmed, with $20 costs and disbursements to the appellants. Settle order on notice.